UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS, ET AL.,            )
                    Plaintiffs,      )
                                     )
        v.                           )          C.A. 05-11230-JLT
                                     )
KATHLEEN DENNEHY, ET AL.,            )
                    Defendants.      )

MEMORANDUM AND ORDER

For the reasons set forth below: (1) Plaintiff Tony B. Gaskins's Application to Proceed
*in forma pauperis* is Allowed; (2) The assessment of the initial partial payment of the filing fee
shall be deferred pending receipt of completed Applications to Proceed *in forma pauperis* by the
other co-Plaintiffs, at which time the $250 filing fee shall be apportioned equally amongst the
Plaintiffs; (3)  The Treasurer's Office at MCI Cedar Junction is directed to provide this Court
with the Plaintiff's prison account information as set forth herein; (4) The Court denies to treat
this action as a class action; (5) The Plaintiffs' Motion for Appointment of Counsel is denied
without prejudice; (6) Plaintiffs' Motion to be Permitted to Make Service of Process by Regular
Mail is denied; and (7) The Court will consider consolidation of this action with the related
action Gaskins v. Nolan, et al., C.A. 05-10630-JLT after the Defendants have filed a responsive
pleading.

BACKGROUND

A.    Related Prior Civil Action in the District Court

On March 29, 2005, Plaintiffs Tony B. Gaskins, Derick Tyler, and Luis Ayala, all
inmates in the "10 Block" at MCI Cedar Junction, Walpole, MA, filed a civil "Contempt
Complaint" alleging violations of 42 U.S.C. § 1983 with respect to their right to access to the
courts, based on denial of law library access.

Specifically, Plaintiffs contend that on or about February 4, 2005, prison staff advised Plaintiffs that photocopies of any legal material will no longer be available to them in 10 Block. [Complaint, ¶8].  Staff were told not to make copies for the inmates, and that all 10 Block convicts must make requests for copies of materials to the "main library." [Complaint, ¶9].  On February 25, 2005 the photocopier was removed from the library area in 10 Block.  Plaintiffs contend "[t]his matter has been aggrieved by the Plaintiffs and has fell [sic] on "deaf ears." [Complaint, ¶13].

Plaintiffs claim that the defendants (including the Superintendent, and Deputy Superintendent, Director of Treatment, and Librarian) have made it impossible to research and litigate their pending cases, and by doing so, are in contempt of Judge Zobel's remedial Order for the Defendants to establish a "Satellite Law Library" at 10 Block, as set forth in Cepulonis v. Fair, 563 F. Supp. 659 (1983), aff'd in part, 732 F.2d 1 (1st Cir. 1984) (establishment of satellite library as remedial measure for "barred access", see Bounds v. Smith 430 U.S. 817 (1977),  not an abuse of district court's discretion).

Although Plaintiffs do not specify the types of pending cases they have, they allege "actual injury" with respect to their case, in part because of the delay in mailing copy requests to the main library, and then waiting for copies to be returned.  Plaintiffs claim this delay can be one to two weeks or longer. [Complaint, ¶16].  Plaintiffs claim this was the same problem addressed in Cepulonis, and that this constitutes "barred access" under Bounds, supra.

Plaintiffs assert that the defendants explanation for the removal of the copier was that "too much toner" was being used. [Complaint, ¶19].

Plaintiffs also claim that the hours of library time have been cut back from 56 hours, as

ordered in <u>Cepulonis</u>, to 42 hours.  Plaintiffs seek injunctive and monetary relief.

By Memorandum and Order dated April 13, 2005, this Court allowed Plaintiff Gaskins's Application to Proceed *in forma pauperis*, and deferred on the assessment of the initial partial payment pursuant to 28 U.S.C. § 1915(b), and directed the co-Plaintiffs to file completed *in forma pauperis* applications along with their prison account statements.  Plaintiffs Ayala and Tyler failed to timely comply with this directive, and a separate Memorandum and Order entered assessing the full filing fee to Plaintiff Gaskins, in accordance with § 1915(b).  Additionally, Plaintiffs Ayala and Tyler were dismissed from that action without prejudice.

B.    <u>Current Civil Action</u>

On June 6, 2005, Plaintiff Gaskins and thirteen (13) other inmates in the Disciplinary Unit at MCI Cedar Junction filed a related action seeking additional relief.  These inmates include: Mac Hudson, Orrin Simmons, Jeffrey Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware.  As noted above, co-Plaintiff Derick Tyler was a dismissed party in the prior case.

These Plaintiffs seek to bring a class action suit against the same and additional defendants named in C.A. 05-10630-JLT.[1]    Plaintiffs assert the same claims with respect to denial of adequate access to the law library, as is asserted in C.A. 05-10630-JLT.  They also assert an additional claim for denial of meaningful access to the courts, as evidenced by the

---

[1]The additional Defendants include Kathleen Dennehy, Commissioner of Correction, Timothy Hall, Assistant Deputy Commissioner, and John Luongo, Deputy of Programs.  The Defendants named in both actions are David Nolan, Superintendent, Lisa Mitchell, Deputy Superintendent, and Beverly Veglas, Librarian.  Sherry Elliot, Director of Treatment, is named in C.A. 05-10630-JLT only.

prison's policy restricting attorney calls. Plaintiffs contend they are required to make a written request to the Superintendent seeking his permission to call an attorney, and this violates the First and Fourteenth Amendments. Complaint, p. 1. Plaintiffs further contend that attorney-client visits are "non-contact" visits, unless the prisoner is in "full restraints," and this hinders their ability to have confidential communications with counsel. Finally, Plaintiffs contend the "rubber pens" provided are "inadequate" and "lacking." Complaint, p. 2.

DISCUSSION

I.    Apportionment Between Plaintiffs of the Filing Fee

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. §§1914(a) (filing fees), 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, an application for waiver of prepayment of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. 28 U.S.C. §1915(a)(2).[2]

Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of *in forma pauperis* status. See §1915(b)(1)-(2) (prisoners filing civil actions are required to pay the full amount of the filing fee, even when proceeding *in forma pauperis*). Rather, prisoner plaintiffs must pay the full amount of the filing

---

[2]    For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

fee, although such payments may be made in installments, payable through their prison accounts.

The First Circuit has not had an occasion to determine whether multiple prisoner plaintiffs who bring a single action each owe the entire filing fee or whether the fee should be divided amongst them. Circuit courts disagree as to the filing fee requirements in this scenario. Compare Boriboune v. Berge, 391 F.3d 852, 855-56 (7th Cir. 2004) (assessing full filing fee against each prisoner plaintiff), and Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001) (same), with In re Prison Litigation Reform Act, 105 F.3d 1131 (6th Cir. 1997) (explaining that each prisoner plaintiff should pay a portion of the fee). The practice of this court has been to equally apportion the filing fee between all plaintiffs. See, e.g., Gordon v. Maloney, C.A. No. 03-10205-DPW (D. Mass. July 9, 2003) (Woodlock, J.); Matthews v. Allen, C.A. No. 02-11922-RWZ (D. Mass. June 26, 2003) (Zobel, J.), and Wickers, et al. v. Sheriff Cousins, et al., C.A. 05-10172-RCL (February 23, 2005) (Lindsay, J.).

Here, as in C.A. 05-10630-JLT, Plaintiff Gaskins is the only Plaintiff who has submitted a completed Application to Proceed *in forma pauperis*, accompanied by his prison account statement. Based on the disclosures, his Application is Allowed, however, the Court will defer on assessing Gaskins the initial partial filing fee pursuant to §1915(b) in order afford the other Co-Plaintiffs Mac Hudson, Orrin Simmons, Jeffrey Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware, an opportunity to seek *in forma pauperis* status.

Accordingly, should these Co-Plaintiffs wish to proceed as Plaintiffs in this action, they each must, within forty-two (42) days of the date of this Order, file a completed Application to

Proceed *in forma pauperis*, detailing their financial information.  Additionally, they must also submit a certified prison account statement for the past six (6) months, in accordance with §1915(b).

If these Co-Plaintiffs submit proper documentation, and qualify for *in forma pauperis* status, then they shall be assessed the filing fee in equal amounts.  Based on the information contained in the account statements, the Court will direct the appropriate prison official to withdraw initial partial payments from the account of each Plaintiff,  followed by payments on a continuing monthly basis until each plaintiff has paid in full his portion of the $250.00 filing fee.

Failure of any of the Co-Plaintiffs to either pay the proportionate share of the filing fee, or submit an Application to Proceed *in forma pauperis* by the end of the forty-two day period, will result in dismissal of the non-complying Plaintiff from this action, without prejudice,  for failure to pay the filing fee.  Any party who wishes to voluntarily withdraw from this case prior to the expiration of the forty-two day period may alert the Court of the same.  If necessary, the filing fee shall be reapportioned so that it will be divided equally between the remaining Plaintiffs.

It is further Ordered that with respect to Plaintiff Gaskins, collection of any assessed filing fee in this matter will be made consecutive to payments made in full in his other pending cases (C.A. 05-10630-JLT and C.A. 05-10858-GAO ).

II.    Order to Prison for Plaintiff's prison account statements.

In order to facilitate this Court's assessment of the filing fee, the Treasurer's Office at MCI Cedar Junction is directed to provide to this Court, within forty-two (42) days of the date of this Order, certified copies of each of Plaintiff Gaskins, Mac Hudson, Orrin Simmons, Jeffrey

6

Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware, and Derick Tyler's prison account statement for the six (6) months preceding June 6, 2005, and include the following information:  1) the average monthly deposits to their prison account for that six (6) month period; and 2) the average monthly balance in the prisoners' accounts  for the six (6) month period immediately preceding June 6, 2005 (date of filing of the Complaint).

If any of the Plaintiffs in this action either pays the proportionate filing fee, or wishes to withdraw from this action, he shall notify this Court and the Treasurer's Office that no prison account information will be submitted, and the Treasurer's Office shall not be obligated to provide such information to the Court.

III.    <u>Order re: Class Certification</u>

Unlike C.A. 05-10630-JLT, Plaintiff Gaskins attempts in C.A. 05-11230-JLT to bring this action as a class action on behalf of all others similarly situated in the Departmental Disciplinary Unit at the prison, by filing the signatures of thirteen (13) inmates, "et al." Although no formal motion for class certification has been filed by Gaskins, this Court has an independent obligation to determine whether this action may be maintained as a class action "as soon as practicable." See. Fed. R. Civ. P. 23(c)(1); <u>Caputo v. Fauver</u>, 800 F. Supp. 168, 169 (D. N.J. 1992); <u>accord</u>, <u>Shaffery v. Winters</u>, 72 F.R.D. 191, 193 n.1 (S.D.N.Y. 1976).

A basic requirement for all class actions is that the named plaintiff can fairly and adequately represent the class. Fed. R. Civ. P. 23(a)(4).  Courts have generally recognized that non-attorney, *pro se* prisoner litigants cannot "fairly and adequately" represent the interests of fellow inmates in a class action, <u>Caputo</u>, 800 F. Supp. At 170 (citations omitted), and Gaskins

7

appears to acknowledge this consideration, since he has filed a Motion for Appointment of Counsel. Because the complaint has not yet been served on defendants, it is not practicable at this time to determine whether this action should, or can be, maintained as a class action.

Additionally, Plaintiff Gaskins appears to have taken the lead with respect to these civil actions, however, the Court will not permit Plaintiff Gaskins to file any document on behalf of all Plaintiffs, nor is he allowed to represent the interests of any other Plaintiff in this action. Although 28 U.S.C. § 1654 permits persons to proceed *pro se*, this provision does not allow unlicenced laypeople to represent co-plaintiffs or any other individuals. See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir. 1991). This Court's Local Rules do not provide such authorization. See District of Massachusetts Local Rule 83.5.3(c), providing that "[a] person who is not a member of the bar of this court, and to whom sections (a) and (b) are not applicable, will be allowed to appear and practice before the court only in his own behalf." Id. Thus, each named Plaintiff may only litigate his *own* claims. Additionally, each individual plaintiff wishing to file a pleading with this court must sign each pleading. See Fed. R. Civ. P. 11(a).

In light of the above, this Court will not treat this action as a class action at this time. Further, any Co-Plaintiff who has signed the Complaint who wishes to remain as a Plaintiff in this action to litigate his own claims, will be permitted to do so only upon the payment of the filing fee or the filing of a completed Application to Proceed *in forma pauperis*, along with his prison account statement.

IV.    Motion for Appointment of Counsel

Plaintiffs have also filed a motion for appointment of counsel. Under 28 U.S.C. §

1915(e)(1), the Court "may request an attorney to represent any person unable to afford

counsel." 28 U.S.C. § 1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free

counsel.  DesRosiers, 949 F.2d at 23 (1st Cir. 1991) (citations omitted).

In order to qualify for appointment of counsel, a party must be indigent and exceptional

circumstances must exist such that the denial of counsel will result in fundamental unfairness

impinging on the party's due process rights.  Id.  In determining whether there are exceptional

circumstances sufficient to warrant the appointment of counsel, a court must examine the total

situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's

ability to represent himself.  Id. at 24 (citations omitted).

The motion for counsel is denied without prejudice for two reasons.  First, by failure of

the multiple Co-Plaintiffs to submit an Application to Proceed in forma pauperis along with a

certified statement of prison accounts as required by §1915(a)(2), the Plaintiffs have not yet

provided sufficient information for the court to make a determination of indigency.  Second,

Plaintiffs have not demonstrated the kind of  "exceptional circumstances" which would warrant

appointment of counsel at this time, nor have they shown this action to involve novel or complex

issues of law or fact.   This denial is without prejudice to renew after compliance with this

Memorandum and Order with respect to the assessment of the filing fee as to each Co-Plaintiff

who remains in this action, and after the Defendants have filed a response to the Complaint.  If

Plaintiffs renew a request for counsel, they must also demonstrate exceptional circumstances to

justify appointment of Pro Bono counsel in this action.

V.        Plaintiffs' Motion to be Permitted to Make Service of Process by Regular Mail

Plaintiffs seek permission to serve the Defendants by Regular Mail because of the cost of

9

service.  This Memorandum and Order directs that service of process be conducted by the United States Marshal, with all costs of service to be born by the United States Marshal.  In view of this, Plaintiff's Motion for Service by Regular Mail upon the Defendants is denied as moot.

VI.   <u>Issuance of Summonses</u>

The Court will permit the issuance of summonses as to each named Defendant (Kathleen Dennehy, Commissioner of Correction, Timothy Hall, Assistant Deputy Commissioner,  John Luongo, Deputy of Programs, David Nolan, Superintendent, Lisa Mitchell, Deputy Superintendent, and Beverly Veglas, Librarian),  notwithstanding the unresolved filing fee issues as addressed in this Memorandum and Order..

Accordingly, the Clerk shall issue summonses for each Defendant, and the United States Marshal shall serve a copy of the complaint, summons, <u>and</u> this Memorandum and Order as directed by the Plaintiffs, with all costs of service to be advanced by the United States.

Notwithstanding the allowance for the issuance of summonses, the Plaintiffs are advised that they are not entitled to free copy service by the Clerk's Office, nor free copies of pleadings or dockets of this Court, and that they are responsible for effectuating timely service of process and providing the United States Marshal with all necessary information and copies of the complaint for service.  Failure to effectuate timely service may result in dismissal of this action.

VII.   <u>Consolidation of Cases</u>

Because it appears the factual and legal issues presented are integrated in the two civil actions, the Court will consider consolidation of this action with the related action <u>Gaskins v. Nolan, et al.</u>, C.A. 05-10630-JLT after the Defendants have filed a responsive pleading.

CONCLUSION

For the reasons stated above, it is hereby ORDERED:

1.    Plaintiff Tony B. Gaskins's Application to Proceed *in forma pauperis* is Allowed.  The Court will defer on assessment of the initial partial filing fee owed by Gaskins pursuant to 28 U.S.C. §1915(b)(1), pending either joint payment of the $250.00 filing, or, in the alternative, receipt by this Court of completed Applications to Proceed *in forma pauperis* by Co-Plaintiffs Mac Hudson, Orrin Simmons, Jeffrey Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware, accompanied by their prison account statements.  The clerk shall provide the Application forms to the Plaintiffs for completion;

2    Failure of Plaintiffs Mac Hudson, Orrin Simmons, Jeffrey Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware to either pay the filing fee or submit completed Applications to Proceed *in forma pauperis* within forty-two (42) days of the date of this Procedural Order, will result in the dismissal of any non-complying Plaintiff in this action;

3.    If Plaintiffs Mac Hudson, Orrin Simmons, Jeffrey Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware fail to comply with this Order and are dismissed as plaintiffs, then the $250.00 filing fee shall be assessed solely as to Plaintiff Gaskins, to be paid in installments under §1915(b), and to be collected consecutively after payments in C.A. 05-10858-GAO and C.A. 05-10630-JLT;

4.    The Court will not treat this case nor certify it as a Class Action at this time.  Any named Plaintiff wishing to remain in this action and litigate on his own behalf, must comply with the filing fee requirements as set forth in this Memorandum and Order;

5.    In order to facilitate assessment of the filing fee, the Treasurer's Office at MCI Cedar Junction is directed  to provide this Court with certified copies of each Plaintiffs' Mac Hudson, Orrin Simmons, Jeffrey Hardy, Prince Moses, Robert Brown, Derick Tyler, Joseph Irizarry, Michael Keohane, Hakarya Bush, Steve Jacobbe, Samuel Correa,Trevor Higgins, and Carl Odware  prison account statement for the six (6) months preceding June 6, 2005, and include 1) the average monthly deposits to their prison account; and 2) the average monthly balance in the prisoners' accounts  for the six (6) month period immediately preceding June 6, 2005 (date of filing of the Complaint).  The Treasurer's Office shall not be obligated to provide such information if so instructed by a Plaintiff;

6.    The motion for appointment of counsel is denied without prejudice;

7.    The Court will permit the issuance of summonses as to each Defendant (Kathleen Dennehy, Commissioner of Correction, Timothy Hall, Assistant Deputy Commissioner, John Luongo, Deputy of Programs, David Nolan, Superintendent, Lisa Mitchell, Deputy Superintendent, and Beverly Veglas, Librarian), notwithstanding the unresolved filing fee

11

issue.  The Clerk shall issue summonses for each Defendant, and the United States Marshal shall serve a copy of the complaint, summons, <u>and</u> this Memorandum and Order as directed by the Plaintiffs, with all costs of service to be advanced by the United States;

8.    In view of the Order for service of process by the United States Marshal, with all costs of service to be born by the United States Marshal, Plaintiff's Motion for Service by Regular Mail upon the Defendants is denied as moot.

9.    The Court will consider consolidation of this action with the related action <u>Gaskins v. Nolan, et al.</u>, C.A. 05-10630-JLT after the Defendants have filed a responsive pleading.

Dated at Boston, Massachusetts, this 16th day of June, 2005

/s/ Joseph L. Tauro

JOSEPH L. TAURO

UNITED STATES DISTRICT JUDGE