United States District Court

For The

District Of Massachusetts

Tony B Gaskins et. al.                              C.A No. 05-11230-JLT

        v.

Kathleen Dennehy et al.
Defendants,

PLAINTIFF'S MEMORANDUM of LAW IN SUPPORT
OF MOTION FOR A EMERGENCY T.R.O OR/
ALTERNATIVELY P.I APPLICATION

STATEMENT of CASE:

    THIS is a Civil action brought by PLAINTIFFS under
42 U.S.C § 1983 for adequate LAW LIBRARY access or Legal assistance,
Legal supplies WITHIN THE Department of Disciplinary unit (DDU)
among other abridgements of PLAINTIFFS access To The Court. PLAINTIFFS
seek a T.R.O. / P.I against Defendants obstructing Their access
To The Courts via Restricting attorney calls and To Receive
adequate WRITING pens To MAKE/file Court proceedings.

STATEMENT of FACTS:

    1. ON OR about 11/26/04, Defendants issued Notice order
confiscating all Regular pens from prisoners Housed in 10 block
and DDU Segregation units. THIS arosed from an isolated incident
with a prisoner. Since The operation of both segregation units
Regular pens Have been permitted.

2.   THE NEW PENS ARE SMALL RUBBER TUBES FLEXIBLE WITH INK. A PRISONER CANNOT GRIP THESE PENS TO do any EXTENSIVE WRITING BEYOND SIGNING HIS NAME. THE PEN HAS TO be STABLIZED TO USE WHICH HURTS THE fingers during usage for any PERIOD OF TIME. SEE DECLARATIONS ATTACHED.

3.   PLAINTIFFS ARE ENTITLED TO UNRESTRICTED ATTORNEY CALLS PURSUANT TO G.L.C. §127B § 99   DEFENDANTS THROUGHOUT THE DEPARTMENT OF CORRECTIONS SEGREGATION UNITS HAVE PERMITTED ATTORNEY CALLS UNLIMITED UPON REQUEST by a PRISONER. WHICH WAS VERIFIED by OFFICIALS VIA DIALING THE ATTORNEY CALLS OR CHECKING THE LAWYERS DIARY.

4.   PLAINTIFFS CONFINED IN DDU HAVE TO HAVE THEIR ATTORNEYS CALL UP TO SCHEDULE AN ATTORNEY CALL OR SEND A LETTER MAKING a REQUEST TO be PERMITTED TO SPEAK WITH THEIR CLIENTS. THE NEED FOR ATTORNEY CALLS IS CENTERED AROUND THE ATTORNEY'S ACCESS AS OPPOSE TO PRISONERS ACCESS.

5.   HUDSON'S ATTORNEY BENJAMIN GOLDBERGER INFORMED SUPERINTENDANT NOLAN THAT CONTINUAL ACCESS TO THE PHONE WAS NEEDED, ATTACHED B-2-7 HUDSON'S CRIMINAL ATTORNEY GROgShubert INFORMED NOLAN OF HIS CONTINUAL TO CONFER WITH HUDSON DURING THE CRIMINAL APPEAL, ATTACHED HERETO AS EX B-10 ATTORNEY EVA CLARK, HUDSONS STANDBY COUNSEL ON a CIVIL MATTER INFORMED MS. DENVEHY OF THE NEED OF CONTINUAL PHONE ACCESS EX. B-8

6.   GASKINS ALSO HAD HIS CRIMINAL ATTORNEY JOHN BARTER CONTACTED MR. NOLAN REGARDING THE CONTINUAL NEED TO CONFER DURING THE APPEAL MATTER. EX, B-11 ATTORNEY PATRICIA GARIN WAS INFORMED by OFFICIALS THAT NO POLICY EXISTED. HUDSON and GASKINS WERE PERMITTED PHONE ACCESS UPON THEIR REQUEST TO PRISON STAFF. SEE CAPTAIN BROWNS RESPONSE TO HUDSON OUTLINING THE POLICY. ATTACHED AS EX. B-1 ¶ B-13.

7. ON OR about MAY 17, 2005, MR. NOLAN Required all PRISONERS TO USE THEIR EARNED PHONE SLIPS FOR PERSONAL Call ON ATTORNEY CallS. THE PRESENT policy Requires THAT PLAINTIFFS EARN TELEPHONE ATTORNEY CALLS as oppose To possessing THE RIGHT To Call THEIR ATTORNEY. ATTORNEYS CALLS is a RIGHT, NOT a PRIVILEGE. See EX. B-4

## ARGUMENT:

IN deTeRMINING a TRO OR/ PI application, COURTS generally CONSider several fACTORS: IRRepaRable HARM; BALANCE OT HARDSHIP, LIKELIHood OT SUCCESS ON THE MERITS; and Public INTEREST. EACH fACTORS fAVOR THE gRANT OT THIS MOTION.

### A: THE PLAINTIFF is THREATHENed WITH IRREpaRable HARM

PLAINTIFFS are being deNied adequate Legal MATERIALS, pROpER PENS To dRaft THEIR Legal documents Ledgiby FOR fiLing WITH THE COURTS, gRIEVANCES, OR LETTERS To governmental officials. DefendANTS action OT severely RESTRICTING PLAINTIFFS ATTORNEY PHONE CALLS is IMpeding THEIR ability To CONfER WITH THEIR COUNSELS effectively during THE pendency OT CRIMINAL and CIVIL CASES. SUCH CONduct by DetendANTS are a CLEAR VIOLATION To effective access To THE COURTS. THEREby VIOLATING PLAINTIFFS FIRST amendment RightS and RegulaTORY PROVISIONS: 14TH and 6TH AMendment RightS To THE U.S. CONSTITUTION.

AS a MATTER OT LAW, THE CONTINUING depRivation OT CONSTITUTIONal RightS To effective access To THE COURTS CONSTITUTES IRRepaRable HARM. Bounds v. sMiTH, 430 U.S. 817, 822 (1977); SOWELL V VOSE,                    ELROD V. BURNS, 427. U.S. 347 (1976) THIS pRINCIPLE HAS been applied IN pRISON LiTigaTion. NEWMAN V NORRIS, 888 F.2d 371, 378 (1989); MITCHELL V. CUOMO, 748 F.2d 804, 806 (2nd CIR 1984); ALBRO V. COUNTY OT ONONdaga, 627 F. Supp 1280, 1287 (N.D.N.Y. 1986); WILLIAMS V. LANE, 646 F. Supp 1379, 1409 (N.D. ILL. 1986)

IN addition, Plaintiffs Have several ongoing Litigation among Pending Criminal and civil cases or appeals. See Declarations in support. which threathen Them with The injury of being unable To Meet Court dead Lines.

## B. The Balance of Hardship Favors The Plaintiffs

IN This case, The present Constitutional deprivation of effective access To The Courts outwrighs any alleged suffering by Defendants. The suffering Defendants will experience is Having To comply with The G.L.C. 2 2 § 99, 103CHR. 482. In permitting Plaintiff attorney Calls upon Their Request and Need To Confer with Attorneys as is The practice Throughout The entire Department of Corrections. See Declarations para. 5-6, 1-4

Defendants do not experience any Hardship by supplying Plaintiffs With proper adequate pens To Litigate Their Legal issues. which is Mandated by The Constitution. There fore The favor of Hardship favors Plaintiff. Bounds v. Smith, supra at 831. Mitchell v Cuomo, supra at 708, Duran v Anaya supra. at.

## C. Plaintiff's will Likely Succeed on The Merits

Plaintiffs Has a great Likeli Hood of Success on The Merits. What Defendants Have done by Making Plaintiffs earn protected constitutional Rights To Make attorney Calls as oppose To ensuring The Right as Needed is vio Late 103 CHR. 482.08. (1) Inmate Telephone use for Court, attorney Contact: which states?

> (i) Telephone Calls To pre-authorized attorney Numbers shall not be suspended or curtailed except in an institutional emergency. Telephone Calls To pre-authorized attorney Numbers shall Not be Subjected To Telephone Monitoring or Recording.

The Regulatory Provisions are grounded in the statute G.L.C. 272 § 99, which prohibits prison officials from obstructing a prisoners telephone access to the courts. In that vein, The superintendant cannot suspend or curtail Plaintiffs Constitutional protected rights To attorney Calls. See 103 CMR. 482. 07 (4) Suspension provision cites in relevant parts:

[ Telephone calls to courts and attorney shall not be suspended].

Hereto attached as Exhibit. E The policy employed by Defendants are actually governing personal phone calls. See Orientation DDU attached pg. F where Plaintiffs must earn their slips based on good behavior in order to make personal phone calls. Personal and attorney calls are clearly distinguished as Two different entities. by law and promulgated Regulations 103 CMR.482 08 et. seq and ibid 09. et. seq. Personals being discretionary, and Legal Calls are nondiscretionary. Therefore Defendants present practice is curtailing Plaintiffs effective access to their attorneys. Plaintiffs Attorney Calls or Court Calls should be as every prisoner's Housed in segregation. See Declarations para. 5-10   See Souza v. Travisono, 498 F. 2d 1120 (1974); Washington v. Reno, 35 F. 3d 1093, 1098-1100 (1994) ( Preliminary Injunction granted on unreasonable Restriction on attorney calls), Procunier v. Martinez, 416 U.S. 468 (1974). [1]

Secondly, Defendants are Constitutionally mandated To provide adequate Legal Supplies To Plaintiffs. Bounds v. Smith, Supra at 821, Johnson v. Avery, 393 U.S. 483, 89 S.CT 747 (1969); Casey v. Lewis, 43 F. 3d. 1261 (9TH CIR. 1994). The pen in question that Plaintiffs' complain of has been examined by at least one U.S. District Judge in Matthews v. Allen, USDC C.A No. 01-11910-RWZ

---

[1] The ability To communicate with attorneys via mail has proven strained. See grievances and mail complaints attached hereto as Exhibit D. Hudson has had His Legal & Non Legal mail Tampered / interfered with on numerous occasions. Also, The Time delay in which it takes To communicate via mail is a problem.

Judge Zobel found the pens wanting. See February 28, 2005 order attached here to as Exhibit-1-3 Defendants (the same as here) in Matthew's case Re-issued him a Regular pen, Rather than accepting in their statements, Plaintiffs have ongoing criminal and civil Litigation Requiring adequate pens. See physical pen attached as Exhibit for the courts examination. Defendants are Mandated to provide adequate writing pens other than the present pens. Therefore Plaintiffs are Likely to succeed on both claims.

## D. The Relief Sought Will Serve Public Interest.

The grant of Relief will serve the public interest because it is always in the Public interest for prison officials to obey the law. DURAN V ANAYA, 642 F. Supp 510, 527. (D.N.H. 1986) (Respect for the law, particularly by prison officials Responsible for the administration of the states correctional system, is in itself a matter of the Highest public interest) See LLEWELYN V. OAKLAND COUNTY PROSECUTOR office, 402 F. supp. 1379, 1393 (1975) (constitution is the ultimate expression of the public interest).

### Plaintiffs Should Not Be Required To Post Security

Plaintiffs' are indigent prisoners and is unable to post security. The court has discretion to excuse an impoverished litigant from posting security. ORANTES-HERNANDEZ V. SMITH, 541 F. supp. 351, 385 N. 3. (1982) JL V PARHUM, 412 F. Supp 112, 140 (1976) Rev, on other grounds, 442 U.S 584 (1979). In view. Plaintiffs effective access to the courts Rights, this court should grant the relief requested without requiring the posted security.

CONCLUSION

WHEREFORE PLAINTIFFS REQUEST THE FOLLOWING RELIEF:

A.    TO BE ISSUED ADEQUATE WRITING PENS

B.    ORDER PLAINTIFFS BE AFFORDED ATTORNEY CALLS UPON REQUEST TO OFFICIALS SEPERATE FROM THEIR EARNED PERSONAL CALLS AS PRACTICED UNIFORMILY BY THE DEPARTMENT OF CORRECTIONS

CERTIFICATE OF SERVICE

I, MAC HUDSON, CERTIFY THAT I did SERVE a TRUE COPY of THIS MOTION ON NANCY WHITE CHIEF COUNSEL aT 70 FRANKLIN ST. BOSTON MA. 02110-1300 VIA FIRST CLASS MAIL

Mac Hudson

DATE:

RESPECTFULLY SUBMITTED
PRO-SE

Mac Hudson
MAC HUDSON
P.O. BOX 100
S WALPOLE MA 02071

TONY GASKINS
P.O. BOX 100
S WALPOLE MA 02071

ORRIN SIMMONS
P.O. BOX 100
S WALPOLE MA 02071

CARL ODWARE
P.O. BOX 100
S WALPOLE MA 020T

PRINCE MOSES
P.O. BOX 100
S WALPOLE MA 02071

_Carl Odware_

CARL ODWARE
P O BOX 100
S WALPOLE MA 02071

_Jeff Hardy_

JEFFREY HARDY
P O BOX 100
S WALPOLE MA 02071

MICHOEL KEUHANE
P O BOX 100
S WALPOLE MA 02071

_Zakariya Bush_

ZAKARIYA BUSH
P O BOX 100
S WALPOLE MA 02071

_Steven Jacobs_

STEVEN JACOBBIE
P O BOX 100
S WALPOLE MA

_Trevor Higgins_

TREVOR HIGGINS
P O BOX 100
S WALPOLE MA 02071

_Samuel Correa_

SAMUEL CORREA
P O BOX 100
S WALPOLE MA 02071

_Derick Tyler_

DERRICK TYLER
P O BOX 100
S WALPOLE MA 02071