United States District Court
For The
District of Massachusetts

Tony B Gaskins et.al                                    C.A. No. 05-11#230-JLT

   v

Kathleen Dennehy et.al
Defendants,

### Plaintiff's Memorandum of Law In Support of Motion For Appointment of Counsel

#### Statement of Case

This is a action brought by Plaintiffs under 42 U.S.C. §1983 challenging the denial of effective access to the Court and abridgment of their attorney call and visit access in DDU. Plaintiffs have consolidated with the above entitled matter a complaint for contempt of Cepulonis v. Fair, USDC No 78-3233-Z on conditions of ten block satellite law library.

#### Statement of Facts

1. Plaintiffs are being denied adequate writing material in the form of pens; adequate time in the law library (makeshift); interference, delay and misplacement or denial of copying services; and abridgement of their attorney calls and visits in the Department of Disciplinary Unit (DDU). Verified Complaint para. 21-47.

2. Plaintiffs grievance the above conditions of the denial of access to the court and was denied relief. See grievances attached. Consequently, Defendants denied Hudson and Gaskins grievances regarding removal of the photo copier in (10) block segregation which forms the basis of their contempt complaint.

-2-

## Standard of Review

The court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S.Ct. 1995 (1992). In addition, the courts have suggested that the most important factor is whether the case appears to have merit. Cooper v. A. Sargenti, 877 F.2d 170, 173 (2d. Cir. 1989) Each of those favors of appointing counsel in this case.

## Factual Complexity

Plaintiffs' challenge a number of DDU conditions that are denying them adequate law library or legal assistance and adequate legal material. Plaintiff's challenge abridgement of their attorney calls and visits. The complaint is an class action which can only be advance by an experienced attorney. The sheer number of claims and defendants makes this a factually complex case. Moore v. Mabus, 476 F.2d 268, 272 (1992); Jackson v County of McLeon, 953 F.2d 1070, 1073, (1992) Tucker v Randall, 948 F.2d 368, 342 (1991).

## Plaintiff's Inability to Investigate & Present Claim

Plaintiffs are all locked up within the DDU, which is 23 hour lock down facility. Plaintiffs claims are going to require extensive discovery regarding conditions and history of DDU conditions surrounding access to the courts rights. See Tucker v. Dickey 613 F. Supp. 1124, 1133-34 (1985) (need for discovery supported appointment of counsel).

-3-

Tabron v Grace, 6 F.3d. 147, 156, (1993) (Holding the need for discovery supports appointment of counsel); Abdullah v. Gunter, supra at 1036 (noting need for counsel to investigate the application of and alternatives to a challenged prison regulations) Armstrong v. Snyder, 103 F.R.D. 96, 105 (1984).

In addition, Plaintiffs' are indigent with no legal training; a factor that supports the appointment of counsel. Whisenant v. Yuam, 739 F.2d. 160, 163 (4th Cir 1984). Plaintiffs being confined to segregation with very limited access to legal materials in which are the basis for their complaints. Rayes v. Johnson, 949 F.2d. 700, 703-04 (8th Cir 1992) (citing lack of ready access to a law library as a factor supporting appointment of counsel)

Legal Complexity & Merit of Case

Present complex legal issues of determining which defendants were sufficiently personally involved in the constitutional violations to be held liable. In addition, the plaintiffs has asked for a jury trial, which requires much greater legal skill than the plaintiffs has or can develop. See Abdullah v. Gunter, supra at 1036 (citing jury demand as a factor supporting appointment of counsel) 112 S.Ct. 1995 (1992)

In addition the allegations lodged in plaintiff's complaint, clearly would establish a First Amendment violation to effective access to the court; and, abridgement to effective / meaning full access to their attorneys during criminal as well as civil proceedings. Which is a 14th and 6th amendment violation of the U.S Constitution. Bounds v. Smith, 430 U.S. 817, 822 (1977); Johnson v Avery

343 U.S 483. 89. S CT. 747. (1969); CASEY v. LEWIS, 43 F. 3d. 1261 (9TH CIR 1994). ON ITS FACE, THIS IS A MERITORIOUS CASE.

## CONCLUSION:

FOR THE FOREGOING REASONS, THE COURT SHOULD GRANT THE PLAINTIFF'S MOTION and appoint counsel IN THIS CASE.

DATE:

Respectfully Submitted
PRO-SE

*Mac Hudson*
MAC HUDSON
P.O. Box 100
S. WALPOLE MA. 02071

*Prince Moses*
PRINCE MOSES
P.O. Box 100
S. WALPOLE MA 02071

*Derick Tyler*
DERICK TYLER
P.O. Box 100
S. WALPOLE MA 02071

*Tony Gaskins*
TONY GASKINS
P.O. Box 100
S. WALPOLE MA 02071

*Orrin Simmons*
ORRIN SIMMONS
P.O. Box 100
S. WALPOLE MA 02071

*Robert Brown*
ROBERT BROWN
P.O. Box 100
S. WALPOLE MA 02071

/s/ Trey Hardy
Trey Hardy
P.O. Box 100
S. Walpole, MA 02071

/s/ Zakariya Bush
Zakariya Bush
P.O. Box 100
S. Walpole, MA 02071

/s/ Michael Keonaone
Michael Keonaone
P.O. Box 100
S. Walpole, MA 02071

/s/ Trevor Higgins
Trevor Higgins
P.O. Box 100
S. Walpole, MA 02071