United States District Court
For The
District of Massachusetts

Tony B. Gaskins, et al.,
    Plaintiffs,

v.

Kathleen Dennehy, et al.,
    Defendants.

Civil Action
No. 05-11230-JLT

Declaration of Tony B. Gaskins
in Support of Plaintiffs' Motion
for T.R.O. and Preliminary
Injunction

I, Tony B. Gaskins, hereby declare, that:

1. The defendants, on or about 11/26/04, confiscated from Ten Block and DDU prisoners "proper pens" due to an "isolated" incident unrelated to any of the named plaintiffs and re-issued all segregation prisoners with "rubber pens," calling them "security pens."

-2-

2. The new "Rubber Pens" are completely inadequate and are only good to sign one's name. It is very difficult to write with and incapable of drafting extensive "legible" pleadings.

3. In order for me to draft this Declaration, I had to seriously alter the pen to get it to write somewhat effectively.

4. And the Defendants cannot plead "Security" because these "Rubber Pens" can be used effectively as a weapon just like a "Proper Pen."

5. When I first entered DDU, the Superintendent had a policy that all attorney phone calls must be earned. This is still the policy.

6. I was not allowed to call my attorney unless I have a phone slip (which are earned).

-3-

7. I filed grievances, wrote a letter to Lisa Mitchell and complained to Captain Scott Brown.

8. I was informed by Scott Brown that I must either show a letter from my lawyer indicating he needs me to call or my lawyer must call the Superintendent seeking his permission for me to call.

9. On April 12, 2005, John J. Barter, my attorney who represents me in my new trial proceedings Commonwealth v. Gaskins, No. 91-EPCR-018642; Womack v. Gaskins, Supreme Judicial Court No. 05-09496, wrote Superintendent Nolan indicating that he hasn't spoken to me in quite a while and that he needs to talk with via telephone because the "important ongoing criminal matters... need to be addressed on a timely basis."

10. For a very short period of time, I was allowed to call my attorney, as needed,

-4-

WEEKLY JUST BY SHOWING THE LETTER.

11. THEN DAVID NOLAN INSTITUTED A POLICY THAT ALL ATTORNEY CALLS CAN ONLY BE MADE PER HIS APPROVAL. MEANING MY ATTORNEY MUST CALL "EVERYTIME" HE WANTS TO TALK TO ME. NO EXCEPTIONS.

12. ON JUNE 21, 2005, I SUBMITTED A PHONE SLIP TO CALL MY ATTORNEY AND WAS DENIED BECAUSE ALL ATTORNEY CALLS MUST BE FIRST APPROVED BY THE SUPERINTENDENT. I FILED A GRIEVANCE ON THIS.

13. DUE TO THE LACK OF AN ADEQUATE LAW LIBRARY, NO ACCESS TO CALL MY ATTORNEY AND BEING PROVIDED WITH DEFECTIVE "RUBBER PENS," HAS REALLY HINDERED MY ABILITY TO EFFECTIVELY LITIGATE MY PENDING CIVIL AND CRIMINAL CASES.

14. THE CASES I HAVE PENDING ARE: COMMONWEALTH v. GASKINS, ESSEX SUPERIOR COURT NO. 91-CR-018642 (MOTION FOR NEW TRIAL, BORENSTEIN, J.); WOMACK v. GASKINS, SUPREME JUDICIAL COURT

-5-

No. 05-09496 (INTERLOCUTORY APPEAL BY LEO WOMACK IN COM. v. GASKINS, No. 91-ESCR-018642 ORDER BY BORENSTEIN, J. COMPELLING WOMACK TO TESTIFY); GASKINS, ET AL. v. ALLEN, ET AL., No. 04-SUCV-00443-D (PENDING APPEAL); GASKINS, ET AL. v. DENNEHY, ET AL., No. 05-SUCV-0257-D; GASKINS v. DENNEHY, ET AL., No. 04-SUCV-00717-D; GASKINS v. UMASS CORRECTIONAL HEALTH SERVICES, ET AL., U.S.D.C. No. 05-CV-10858-GAO; GASKINS v. NOLAN, ET AL., U.S.D.C. No. 05-CV-11230-JLT; GASKINS, ET AL v. DENNEHY, ET AL., MIDDLESEX SUPERIOR COURT No. 05-CV-01746-K.

15. I CANNOT EFFECTIVELY MEET REQUIRED FILING DEADLINES IN A LOT OF THESE CASES DUE TO THE BARRIERS CONSTRUCTED BY THE DEFENDANTS. I HAVEN'T BEEN HURT YET BY THEIR ACTIONS, BUT ITS JUST A MATTER OF TIME BEFORE I WILL.

16. FOR THE ABOVE-STATED REASONS, THIS COURT SHOULD GRANT OUR MOTION FOR T.R.O.

-6-

AND PRELIMINARY INJUNCTION.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

DATED: 6/23/05

AFFIANT,

*[signature]*
TONY B. GASKINS, PRO SE
MCI- CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA. 02071