UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

TONY B. GASKINS, ET. AL

V

KATHLEEN DENNEHY, ET. AL
DEFENDANTS

C.A.NO. 05-11230-JLT;

Declaration In Support of Plaintiffs
Motion For Temporary Restraining Order
Or Alternatively Preliminary Injunction

I Orrin F. Simmons declares under the penalties of Perjury

1. As set out in the Complaint, on or about Nov. 26th, 2004, the defendants collected/confiscated all any regular Pens which they issued in the Detention Disciplinary Unit (D.D.U.) at MCI Cedar Junction arising from a isolated Situation/issue not related to any of the present Plaintiffs; And did re-issue smaller Rubber Pens which are flexible and difficult to use.

2. The new Pens are not useable when one Plaintiff decides to write out a lengthy letter or attempt to draft out a ledgible legal document or anything contrary. My use of the regular issued Pen has

-2-

never been questionable nor have I improperly made use of the regular issued pen(s) prior to the change which occured on the above listed date.

3. My communication with the court(s), family members and associates via U.S. Mail have been strained do to my difficulty in use of the issued RUBBER PEN(S). In order to get the Maximum use of the RUBBER PEN(S), Plantiff has resorted to altering pen by re-inforcing it with several lengths of wet sheets of paper and wrapping around the length of the pen to prevent the occasional bending. This has caused blistering of finger due to the unfamiliarness of the bulked up pen.

4. Constant removal of pen toe in order to blow through the opposite end to force ink flow to tip is required after just a few uses of the Rubber Pen(s) after issued. This has caused a unnecessary mess of clothing and Plantiff desk where writing is done.

5. The current practice of Attorney Phone call privilages are being limited illegally by officers in the Department Detention Unit (D.D.U.) due to a policy layed out by Superintendent D. Nolan (defendant). To my knowledge Attorney calls are based on a prisoners or Attorney need to con-

-3-

municate or the prisoners need to access the court(s) through ones attorney. Being placed in a segregation unit/(DDU) does not give defendant(s) the authority to suspend/diminish a prisoners Attorney Phone calls, when call is being placed during regulated legal Praticeing hours (9AM-5PM) MON-FRI.

6. THE D.D.U. has no set up practice which seperates earned personal phone calls which is a privledge and legal/Attorney phone calls that are constitutionally gaurenteed. This issue was addressed and grieved by plantiff (see attached). The defendent has changed the policy of Attorney Phone calls several times prior and after the grievence was received, denied and appealed... Defendent Nolan is the superintendent at MCI Cedar Junction and to date continues to change the Attorney Phone call policy weekly.

7. As a result of these changes in the policy so frequently it is impossible for plantiff to obtain the phone in the A.M. hours to make a legal call due to staff asigned to the D.D.U not knowing which policy is on line at what time. Said staff cant distinguish which policy the defendent is instituting on which day.

8. For all the above reasons the Plantiff Prays the court will grant this motion and a Preliminary Injunction.

Signed under the Pains and Penalties of Perjury _____

DATE: 6/20/05

_____
ORRIN SIMMONS

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | SIMMONS ORRIN | **Grievance#** | 9504 | **Institution** | MCI CEDAR JUNCTION | |
| **Commit No.** | W64291 | **Housing** | DEPARTMENT DISCIPLINARY UNIT | **Date Of Incident** | 20050331 | **Date Of Grievance** 20050331 |

**Complaint** Telephone calls to contact legal representatives such as lawyers, attorney, MCLS, PLAP etc. Staff is not allowing legal phone calls, communication unless earned slip is sued or inmate attorney calls and requests you to contact them first.

This practice is unconstitutional and is blocking an inmate's due process. Communication between inmate and attorney can not be governed by staff members of D.O.C. If attorney/legal phone calls are excessive then recourse could and should be looking towards that inmate not all.

**Remedy Requested** Discontinue this practice immediately. Will seek judicial recourse and monetary damages.

**Staff Recipient** Sullivan Daniel   CO II

**Staff Involved**

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050402   **Decision Date** 20050427

**Signature** Sullivan Daniel   CO II

**Final Decision** DENIED

**Decision** Pursuant to 103CMR482 specifically 482.09 which states Department Disciplinary Unit or Departmental Segregation Unit- Inmates housed in these special housing units shall have telephone privileges as authorized by the Superintendent. Additionally you may access your attorney through mail correspondence as well as through attorney visits.

**Signature** Daniel Sull    **Date** 4/27/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| **Name** | SIMMONS ORRIN | | **Institution** | MCI CEDAR JUNCTION |
| **Commit No.** | W64291 | **Grievance#** 9504 | **Date Received** | 20050402 |
| **Signature** | Sullivan Daniel   CO II | | | |

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION

#9504

### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | |
|---|---|---|---|
| **Name** | SIMMONS ORRIN | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W64291 | **Housing** DDU | **Appeal Date** 30-APR-2005  **Date Of Grievance** 31-MAR-2005 |
| | | | **Appeal Received Date** 02-MAY-2005 |

**Appeal** SEE ATTACHED

**Remedy Requested** SEE ATTACHED

**Staff Recipient** Sullivan Daniel  CO II

**Signature** _____

### DECISION BY SUPERINTENDENT

**Appeal Received Date** 02-MAY-2005   **Decision Date** _____   **Decision** _____

**Decision By** _____

**Reasons** _____

**Signature** _____   **Date** _____

### INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | SIMMONS ORRIN | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W64291 | **Appeal Received Date** | 02-MAY-2005 |

**Staff Recipient** Sullivan Daniel  CO II

**Superintendent's Signature** *David Nolan*
                                    /RD

ATTACHMENT "C"

## DEPARTMENT OF CORRECTION
## INSTITUTION APPEAL FORM
## FORWARD TO THE INSTITUTIONAL SUPERINTENDENT

**SECTION A**

NAME: ORRIN SIMMONS    INSTITUTION: MCI CEDAR JUNCTION

NUMBER: W64291    HOUSING UNIT: C2 #140 (DDU)    DATE OF INCIDENT: 3/3/05

APPEAL: SEE ATTACHED

(ATTACH ADDITIONAL PAGE IF NECESSARY)

REMEDY REQUESTED: SEE ATTACHED

INMATE SIGNATURE: [signed]    DATE: 4/30/05

STAFF RECIPIENT: _____    DATE: _____

DATE RECEIVED: _____

**SECTION B**

ASSIGNED GRIEVANCE NUMBER: _____

ASSIGNED INSTITUTION APPEAL NUMBER: _____

DECISION RENDERED:    ___ APPROVED
                      ___ DENIED

SUMMARY OF FINDINGS:

SUPERINTENDENT'S SIGNATURE: _____    DATE: _____

**SECTION C**

**INMATE APPEAL RECEIPT**

INMATE NAME: _____    INSTITUTION: _____

NUMBER: _____    DATE RECEIVED: _____

RECEIPTING STAFF: _____    TITLE: _____

01/05/01    491 - 14

05-1558

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

#9504

| | | | | |
|---|---|---|---|---|
| **Name** | SIMMONS ORRIN | | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W64291 | **Housing** DDU | **Appeal Date** 30-APR-2005 | **Date Of Grievance** 31-MAR-2005 |
| | | | **Appeal Received Date** | 02-MAY-2005 |

**Appeal**: SEE ATTACHED

**Remedy Requested**: SEE ATTACHED

**Staff Recipient**: Sullivan Daniel  CO II

**Signature**:

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date**: 02-MAY-2005    **Decision Date**: 01-JUN-2005    **Decision**: DENIED

**Decision By**: Nolan David F  SUPERINTENDENT

**Reasons / Signature**: I concur with the IGC. Be advised, in accordance with the Department Disciplinary Unit Inmate Handbook, DDU inmates will earn telephone privileges by remaining disciplinary report free. The maximum number of phone slips you can earn in a one-month period is 4. These phone slips are to be used for attorney calls as well as personal calls. In addition, in emergency situations, your attorney may contact the Superintendent's Office to request a phone call from you.

**Date**: 6/8/5

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | SIMMONS ORRIN | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W64291 | **Appeal Received Date** | 02-MAY-2005 |
| **Staff Recipient** | Sullivan Daniel  CO II | | |

**Superintendent's Signature**:

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | | |
|---|---|---|---|---|
| Name | SIMMONS ORRIN | | Institution | MCI CEDAR JUNCTION |
| Number | W64291 | Housing  DDU | Appeal Date  30-APR-2005 | Date Of Grievance  31-MAR-2005 |
| | | | Appeal Received Date  02-MAY-2005 | |

**Appeal** SEE ATTACHED

**Remedy Requested** SEE ATTACHED

**Staff Recipient** Sullivan Daniel  CO II

**Signature**

## DECISION BY SUPERINTENDENT

**Appeal Received Date** 02-MAY-2005   **Decision Date** 01-JUN-2005   **Decision** DENIED

**Decision By** Nolan David F  SUPERINTENDENT

**Reasons Signature**   I concur with the IGC. Be advised, in accordance with the Department Disciplinary Unit Inmate Handbook, DDU inmates will earn telephone privileges by remaining disciplinary report free. The maximum number of phone slips you can earn in a one-month period is 4. These phone slips are to be used for attorney calls as well as personal calls. In addition, in emergency situations, your attorney may contact the Superintendent's Office to request a phone call from you.

6/21/05 - In accordance with 103 CMR 491, I have reviewed grievance/grievance appeal #9504.

Please be advised that I support the Superintendent's decision to deny your grievance, as I concur with the institutional summary of findings.

*Kristie Ladouceur*
Department Grievance Coordinator

**Date**

## INMATE RECEIPT

| | | | | |
|---|---|---|---|---|
| Inmate's Name | SIMMONS ORRIN | | Institution | MCI CEDAR JUNCTION |
| Number | W64291 | | Appeal Received Date | 02-MAY-2005 |
| Staff Recipient | Sullivan Daniel  CO II | | | |

**Superintendent's Signature**