UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS


C. A. NO. 05-11230- JLT

TONY B GASKINS, ET. AL.

V.

KATHLEEN DENNEHY ET. AL.
Defendants


DECLARATION IN SUPPORT OF PLAINTIFFS
APPLICATION FOR A TRO OR / ALTERNATIVELY
P. I. Relief


I, MAC HUDSON declares under the pains and penalties of PERJURY :

1  AS SET OUT IN VERIFIED COMPLAINT. ON OR about 11/26/04. Defendants confiscated all Regular Pens in segregation units at MCI-CS arising from an isolated incident unRelated to any of the Plaintiffs; and re-issued smaller Rubber Pens flexible. See Ex. A-1 ATTACHED posted notice and Ex.6 writing pen issued for Courts examination.

2.  THE NEW PENS ARE ONLY useful To sign My NAMe and incapable of drafting ledgible extensive OR SHORT pleadings. Motions, grievances OR Letters. I HAVE NeveR used THE Regular PRioR issued pens improperly while confined in Segregation before THe change.

3  I HAVE a Criminal appeal and several civil appeals and civil cases in Federal and State Court pending. Ex. B Record of pending cases. which the present pens are obstructing me from making Timely filings effectively.

4. IN ORDER TO USE THE PEN PRESENTLY, I MUST CONSTRUCT THE PEN IN THE CENTER IN ORDER TO STABLIZE IT FOR WRITING. THE METHOD IS CONSIDERED CONTRABAND, LEADING TO CONTISCATION OF THE ALTERED PEN. ONCE STABLIZED, THE PEN IS DIFFICULT TO GRIP, INSURING MY FINGERS TO DO ANY DRAFTING. THE PENS ALSO LEAK, SKIPS AFTER A FEW TIMES OF USAGE ON MOST OCCASIONS.

5. THE UNIFORM PRACTICE OF ATTORNEY CALLS IN THE DEPARTMENT OF CORRECTION SEGREGATION UNITS IS: UPON A PRISONERS REQUEST FOR AN ATTORNEY CALL, THE ATTORNEY NUMBER IS VERIFIED BY IMMEDIATE STAFF AND THE CALL IS ISSUED. ATTORNEY CALLS ARE BASED ON THE PRISONER OR ATTORNEY NEEDS TO COMMUNICATE OR THE PRISONERS NEED TO CALL THE COURTS.

6. THE UNIFORM PRACTICE IS THAT NO ONE HAS THE AUTHORITY TO SUSPEND OR CURTAIL A PRISONERS ATTORNEY CALLS. ATTORNEY CALLS AND DISCRETIONARY PRIVILEGE CALLS ARE RECOGNIZED DIFFERENTLY. A SUPERINTENDENT CAN LIMIT A SEGREGATED PRISONERS PERSONAL CALLS BUT HE HAS NO AUTHORITY TO LIMIT CALLS MADE TO THE COURT OR ATTORNEY. UNLESS AN EMERGENCY SECURITY ISSUES ARISES E.G. LOCK DOWN THAT PROHIBITS THE CALL FROM BEING PROCESSED.

7. DDU HAS NO DISTINCTION BETWEEN EARNED PRIVILEGE CALLS OR CONSTITUTIONALLY PROTECTED CALLS TO THE COURT OR ATTORNEYS. THE EARNED CALLS IN DDU AS DELINEATED IN THE ORIENTATION MANUAL ATTACHED, AS EX. F PRISONERS EARN ONE CALL A MONTH TO MAKE PERSONAL CALLS TO FAMILY AND FRIENDS BASED ON GOOD BEHAVIOR. A PRISONER EARNS ON ADDITIONAL CALL EACH MONTH PREDICATED ON THE SAME PRINCIPLE UNTIL HE REACHES A MAXIMUM OF 4 PERSONAL CALLS.

8. THE PRACTICING POLICY WAS UNLESS THE NEED WAS DEMONSTRATED BY ON ATTORNEY REQUEST VIA MAIL OR PHONE CALL TO THE SUPERINTENDANTS OFFICE, A PRISONER WOULD NOT BE ABLE TO MAKE A ATTORNEY CALL IN DDU. I HAD MY ATTORNEY GREG SCHUBERT, BENJAMIN GOULDBERGERS MS EVA CLARK, WHO REPRESENT ME ON SEPERATE ISSUES, CONTACT DEFENDANT NOLAN VIA MAIL INDICATING MY NEED TO CONFER BY PHONE REGULARLY. SEE EX. B 2-10

9.  I was granted this ability to make calls upon my request to immediate staff to my attorneys and court. However, on May, 17, 2005 Defendant Nolan changed the policy requiring me to use my personal earned phone slips to communicate with my family on attorney calls. I cannot request for additional calls via attorney although the need is demonstrated until the earned calls slips are depleted.

10.  As a result of the change in policy and no distinguishment between earned privilege calls and attorney calls, I have been unable to confer with counsel's assistance Ms. Jean Fielding on my direction to oppose the states further appellate review application on my criminal case. see letter from attorney Fielding attached. which remains a present problem as well as communicate with standby counsel Ms. Eva Clark on writ of habeus petition in Hudson v. Bender, Suff. Sup. Ct. CA. No.     and counsel Benjamin Goldberger on Hudson v. Dennehy, USDC. CA. No.

11.  I am being presently harmed by the denial of attorney calls access and inadequate pens. I need the courts immediate intervention until such a time the case can be heard on the merits.

For the above reasons, Hudson's request should be granted. Signed on this 22nd day of June 2005.

Resp. signed
Mac Hudson



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*M.C.I. Cedar Junction   at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*

*Tel: (508) 660-8000   Fax: (508) 660-8009*
*www.mass.gov/doc*



Kathleen M. Dennehy
*Commissioner*

James Bender
*Acting Deputy Commissioner*

David Nolan
*Superintendent*

To:     All 10 Block inmates

From:   Lisa Mitchell, Deputy of Operations for Special Management Units

Date:   November 26, 2004

**Re:    Issuance of security flex pens**


Effective immediately, all inmates being housed in 10 block will no longer be issued or be able to retain a hard plastic writing pen. Any hard plastic writing pen will be considered contraband and documented as such accordingly. Inmates housed in 10 block will be allowed to purchase security flex pens through the canteen. Retention of hard plastic writing pens while housed in Ten Block may result in disciplinary action.


c.  Superintendent David Nolan
    Deputy Robert Soares
    DOS Robert Drake
    Mary Stowe Treasurer
    ALL Captains
    file

Ex. A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 01-11910-RWZ

### LLOYD MATTHEWS

v.

### PETER ALLEN, et al.

#### ORDER

February 28, 2005

ZOBEL, D.J.

Plaintiff moves yet, again, for paper and pens to carry on his litigational activities. Defendants oppose.

Paper (# 109 on the court's docket). Plaintiff asks for an order that defendants provide him with white, lined paper 8 ½ by 11", instead of the yellow larger size he has been receiving. He appends to his pleading a letter from the Clerk of the Massachusetts Superior Court insisting that he submit letter-size paper. Defendants remind the court that when it last ordered them to provide plaintiff with one pad of paper per week, it did not specify any particular color or size but did state that the order applied only to this proceeding, not all of plaintiff's cases.

I now reiterate the earlier order. Defendants shall provide plaintiff with one pad of paper per week. The paper shall be white, lined and of letter size, namely, 8 ½ by 11".

Pen (# 112 on the docket). Plaintiff complains that recently defendants have

Ex. A-2

supplied him with "soft pens" which are inadequate to the volume of legal work with which plaintiff is engaged. Defendants offered to provide the court with a sample pen for testing, which offer the court accepted. It has now tried the pen and finds it wanting. Defendants may file a further response to plaintiff's motion by March 14, 2005.

_____
DATE

_____
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

2

A - 3



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*M.C.I. Cedar Junction  at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts  02071*

*Tel: (508) 660-8000   Fax: (508) 660-8009*
*www.mass.gov/doc*



co - 0720

**Kathleen M. Dennehy**
*Commissioner*

**James Bender**
*Deputy Commissioner*

David Nolan
*Superintendent*

## MEMORANDUM

TO: Mic. Hudson

FROM:     Joanne Paquin, Administrative Assistant

RE:     Grievance Appeal (Grievance # 8615 )

DATE: 2/25/05

Superintendent Nolan is in receipt of your grievance appeal. I am returning it to you for the following reasons. Please return your grievance package to this office after you have completed the appropriate steps.

___ Must include IGC's decision and any pertinent attachments

___ Must complete the attached Grievance Appeal Form

___ IGC working on grievance, resubmit when you receive his answer

You will have until _3/4/05_ to re-file your appeal.

cc. file
Attachment

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
## FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | HUDSON MAC | | **Grievance#** 8618 | **Institution** MCI CEDAR JUNCTION | | |
| **Commit No.** | W48494 | **Housing** TEN BLOCK | | **Date Of Incident** 20050212 | **Date Of Grievance** | 20050214 |

**Complaint**
On 1-31-05 my attorney Ms. Eva Clark mailed me legal mail consisting of my DDU appeal #43495 certified receipt mail at the post office. However I did not receive my legal mail until 2-12-05. In which I signed for receipt of it. This is another example of my mail being tampered and interfered with.

**Remedy Requested**
I'd like to know why my legal mail was withheld and for my mail not to be interfered or tampered with.

**Staff Recipient**
Aucoin Ann Marie    CO I

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050219    **Decision Date** 20050222

**Signature** Barrett Patrick M  CO I

**Final Decision** DENIED

**Decision**
Your Certified mail was recevied at this Institution on 2/12/05 and forwarded and signed for by you. There is no evidence to suggest that it was in any way delayed by the institution.

**Signature**                                    **Date**    2/22/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | | | |
|---|---|---|---|---|---|
| **Name** | HUDSON MAC | | | **Institution** | MCI CEDAR JUNCTION |
| **Commit No.** | W48494 | **Grievance#** 8618 | **Date Received** | 20050219 | |

**Signature.** Aucoin Ann Marie   CO I

*Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*M.C.I. Cedar Junction at Walpole*

*P.O. Box 100*

*South Walpole, Massachusetts 02071*

*Tel. (617) 727-1684 Fax: (617) 727-6571*

Jane Swift
*Governor*

James P. Jajuga
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

Peter E. Allen
*Superintendent*

April 2, 2002

Mac Hudson, W-48494
MCI-Cedar Junction
WWSU

Dear Mr. Hudson:

    I am writing in response to your two recent letters in which you allege that your outgoing mail is not reaching its destination.

    This matter was looked into and there is no evidence to substantiate that your mail is being withheld or delayed. All of your outgoing mail is processed, as long as the outside of the envelope contains your name and return address.

Sincerely,

Peter Allen
Superintendent

cc. Inmate's file
    file

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM

#### FORWARD TO SUPERINTENDENT



| **Name** | HUDSON MAC | | | **Institution** | MCI CEDAR JUNCTION | | |
|---|---|---|---|---|---|---|---|

| **Number** | W48494 | **Housing** | TEN BLOCK | **Appeal Date** | 09-OCT-2004 | **Date Of Grievance** | 09-OCT-2004 |
|---|---|---|---|---|---|---|---|
| | | | | **Appeal Received Date** | 26-OCT-2004 | | |

**Appeal**   My legal outgoing mail to Ms. Jean Fielding (attorney) In violation of 103 CMR 481 et. The Lt. of the unit wrote an incident report. I am being overcharged for my mail, bulk rate mailing see copy of the outside envelope addressed to Attorney Fielding, Now since the re-mailing of this envelope (legal mail) My attorney Ms. Gielding have not received my legal papers. Bulk rate on these manilla envelopes filled to capacity is only $3.72.

**Remedy Requested**   I want my 2 stamps back.

**Staff Recipient**   Aucoin Ann Marie  CO I

**Signature**

---

### DECISION BY SUPERINTENDENT

**Appeal Received Date**   26-OCT-2004   **Decision Date**   10-NOV-2004   **Decision**   DENIED

**Decision By**   Nolan David F  SUPERINTENDENT

**Reasons**   I concur with the IGC. The Mail Office was contacted and informed this office that all mail leaving the facility is mailed first class, unless otherwise specified on the envelope. Furthermore, mail is not weighed at this facility unless the postage is paid via a purchase slip. All stamped mail is forwarded to the US Post Office for their processing. If you feel you are being overcharged, you may direct your concerns to the US Post Office.

**Signature**                                                           **Date**

---

### INMATE RECEIPT

**Inmate's Name**   HUDSON MAC                    **Institution**   MCI CEDAR JUNCTION

**Number**   W48494                              **Appeal Received Date**   26-OCT-2004

**Staff Recipient**   Aucoin Ann Marie  CO I

**Superintendent's Signature**

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM

### FORWARD TO SUPERINTENDENT

# 6189

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | HUDSON MAC | | | **Institution** | MCI CEDAR JUNCTION | | |

| | | | | | |
|---|---|---|---|---|---|
| **Number** | W48494 | **Housing** TEN BLOCK | **Appeal Date** | 09-OCT-2004 | **Date Of Grievance** 09-OCT-2004 |

Appeal Received Date    26-OCT-2004

**Appeal**    My legal outgoing mail to Ms. Jean Fielding (attorney) In violation of 103 CMR 481 et. The Lt. of the unit wrote an incident report. I am being overcharged for my mail, bulk rate mailing see copy of the outside envelope addressed to Attorney Fielding, Now since the re-mailing of this envelope (legal mail) My attorney Ms. Gielding have not received my legal papers. Bulk rate on these manilla envelopes filled to capacity is only $3.72.

**Remedy Requested**    I want my 2 stamps back.

**Staff Recipient**    Aucoin Ann Marie  CO I

**Signature**

## DECISION BY SUPERINTENDENT

**Appeal Received Date**    26-OCT-2004    **Decision Date**    **Decision**

**Decision By**

**Reasons**

**Signature**    **Date**

## INMATE RECEIPT

**Inmate's Name**    HUDSON MAC    **Institution**    MCI CEDAR JUNCTION

**Number**    W48494    **Appeal Received Date**    26-OCT-2004

**Staff Recipient**    Aucoin Ann Marie  CO I

**Superintendent's Signature**    David Nolan

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

Rec' 1/24/05

### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | HUDSON MAC | | Grievance# 7661 | | Institution MCI CEDAR JUNCTION | |
|---|---|---|---|---|---|---|
| Commit No. | W48494 | Housing TEN BLOCK | | Date Of Incident 20041229 | Date Of Grievance | 20041229 |

**Complaint**

Ongoing tampering with my outgoing and incoming legal mail. Approx two weeks ago a legal package was mailed to me by attorney Eva Clark. The week falling I was mailed another legal package by Attorney Clark. I did not receive any of these legal packages. During the week of the 9th of Dec 2004, I was mailed "2" letters by Ms Annie Andrade. I did not receive any of these letters on 12-14-04. Ms Susan Thomas, from let my fingers do your typing mailed me a business card and price list information sheet. I received the cover letter, the card and price list information sheet was missing. Darrell Anllen sent me some money on 12-20-04 . I have not receive this money or has it been placed in my account. This has been a recurring issue, leading me to chase down my money and having it place in my account two to  three weeks after it's arrival. My mail arrives to me in this manner also. Please review Sgt. Alverez of 10 block incident report on 12-29-04. I received Ms Codegas card postmarked the 20th on the 29th. On 12-19-04 I mailed out a manilla envelope to Ms. Lorraine Foulkes, letters to Charles Hughes, Chris Miranda, Lisa Rosa. On 12-20-04 I mailed letters Jennifer Mitchell. None of these letters has been received. I wrote the mail officer regarding these complaints and have not received any response. I'm told my mail is not being censored by IPS or the mail officer. However, no matter many times I document these ongoing violations of the mail policies and these complaints are supported by staff incident reports. I am continually ignored about the reality of what's going on. The only mail that's being delivered is my institutional mail to administrative staff.

**Remedy Requested**

I'd like my last mail/withheld mail returned to me and for my mail to be processed appropriately. I want to know why my incoming and outgoing mail is being tampered with.

| Staff Recipient | Aucoin Ann Marie | CO I |
|---|---|---|

**Staff Involved**

**Signature**

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| Date Received | 20041231 | Decision Date | 20050121 |
|---|---|---|---|

**Signature** Barrett Patrick M  CO I

**Final Decision** DENIED

**Decision**

All mail was processed in accordance with 103 CMR 481.  All outgoing mail as well as your incoming mail was processed and forwarded to the respective parties on the date it was received by the institution.  Additionally any mail received at this institution addressed as legal mail not meeting the criteria set forth in 103 CMR 481 is refused by the institution and returned to the sender.

**Signature**                                                          **Date** 1/21/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
#### FORWARD TO SUPERINTENDENT



| **Name** | HUDSON MAC | | | **Institution** | MCI CEDAR JUNCTION | | |
|---|---|---|---|---|---|---|---|
| **Number** | W48494 | **Housing** | DDU | **Appeal Date** | 10-MAR-2005 | **Date Of Grievance** | 23-FEB-2005 |
| | | | | **Appeal Received Date** | 11-MAR-2005 | | |

**Appeal** The Grievance Officer did not address why my mail wasn't immediately returned me upon delivery by the Post Office. Which further delayed the filing of my DDU appeal Benders Office have already accepted my appeal in light of the circumstances. However, this doesn't address the deficiencies in the handling of my mail. There's no investigation done to this extent, just a cursory denial based on conclusary finding.

**Remedy Requested** I want to know why my mail was unnecessirly delayed.

**Staff Recipient** Barrett Patrick M CO I

**Signature**

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date** ••••••••••••••••  **Decision Date** 25-MAR-2005  **Decision** DENIED

**Decision By** Nolan David F SUPERINTENDENT

**Reasons** I concur with the IGC. Your mail was handled in accordance with 103 CMR 481, Inmate Mail.

**Signature** _____  **Date** 3/30/05

---

## INMATE RECEIPT

**Inmate's Name** HUDSON MAC                    **Institution** MCI CEDAR JUNCTION

**Number** W48494                              **Appeal Received Date** 11-MAR-2005

**Staff Recipient** Barrett Patrick M CO I

**Superintendent's Signature** _____



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*
*Tel: (617) 727-1684  Fax: (617) 727-6571*
*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

Peter E. Allen
*Superintendent*

July 7, 2004

Mac Hudson
MCI-Cedar Junction
Post Office Box 100
South Walpole, MA 02071

Dear Mr. Hudson:

In light of the outcome of disciplinary report 37768, that was dismissed, I hereby reinstate your approval to correspond with inmate Derick Tyler in regard to USDC 01-12145, until such time as this case is disposed of.

Sincerely,

David Nolan
Superintendent

cc:    Inmate File
       File
       C.Raye Poole, DOC Legal
       Richard McFarland, DOC Legal

PRINTED ON RECYCLED PAPER

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
#### FORWARD TO SUPERINTENDENT

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | HUDSON MAC | | | **Institution** | MCI CEDAR JUNCTION | |
| **Number** | W48494 | **Housing** | DDU | **Appeal Date** | 10-MAR-2005 | **Date Of Grievance** 23-FEB-2005 |
| | | | | **Appeal Received Date** | 11-MAR-2005 | |

**Appeal** The Grievance Officer did not address why my mail wasn't immediately returned me upon delivery by the Post Office. Which further delayed the filing of my DDU appeal Benders Office have already accepted my appeal in light of the circumstances. However, this doesn't address the deficiencies in the handling of my mail. There's no investigation done to this extent, just a cursory denial based on conclusary finding.

**Remedy Requested** I want to know why my mail was unnecessirly delayed.

**Staff Recipient** Barrett Patrick M CO I

**Signature**

## DECISION BY SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| **Appeal Received Date** | *************** | **Decision Date** 25-MAR-2005 | **Decision** | DENIED | |

**Decision By** Nolan David F SUPERINTENDENT

**Reasons** I concur with the IGO. Your mail was handled in accordance with 103 CMR 481, Inmate Mail

**Signature** **Date**

## INMATE RECEIPT

**Inmate's Name** HUDSON MAC    **Institution** MCI CEDAR JUNCTION

**Number** W48494    **Appeal Received Date** 11-MAR-2005

**Staff Recipient** Barrett Patrick M CO I

**Superintendent's Signature**

MAC HUDSON
P.O. Box 100
S.WALPOLE MA. 02071

MR. GARY HEBDA
MAIL ROOM
P.O. BOX 100
S.WALPOLE MA. 02071

10/28/04

Dear MR. HEBda,

    ON 10/19/04. I Received a LETTER FROM MS. RONda

SPOIN WHICH HAd a $20. Honey ORdER IN IT. THE Honey ORdER WAS

NOT deposited INTO My account UNTIL 10/25/04, SiX days LaTER. see

Honey Receipt aTTached: I'M expecting a Honey ORdER FOR $300. FROM

HAROLd SMITHERMAN THaT WAS SENT TO He LAST THuRSday. THE

Honey ORdER NUMBER IS 07166413225. I Have NOT Received any

CONFiRMATION THaT THiS Honey Has cane. THiS is THE Second TiNe

THaT THiS Honey Has been Re-issued and SENT TO He.

I WANT TO KNOW WHY My Honey WAS NOT ~~~~~~~~

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

I WANT TO KNOW WHERE IS My $300. Honey ORdER ALSO.

SiNCERELY

Mac Hudson

CC: M.H

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: _JARY HEBDA    Mail Officer_____    DATE: _11/16/00_
(Name and Title of Officer)

SUBJECT:   State completely but briefly the problem which you desire assistance
(give details)

_I HAVE AN ORDER SUPSCRIPTION TO FINAL CALL NEWSPAPER._
_I'VE GUTTEN ONE IN THE LAST THREE WEEKS. HOW COME YOUR_
_dePARTMENT ISN'T Sending My Religious paper to Me. I_
_get ONE EVERY WEEK. I HAD NO PROBLEMS WITH getting My_
_PAPER AT S·BCC PRISON._

(Use other side of page if more space is needed)

ACTION REQUESTED:   (State exactly how you believe your request may be handled;
that is, exactly what you think should be done, and how.)

_CAN YOU TELL Me WHY YOUR dePARTMeNT isNT Sending_
_Me My Mail. I CAN NOT GIVE YOU A_
_PAPER THAT IS — NOT ARRIVING. AS_
_IT ARRIVES YOU will GeT IT. DiReeT_

NAME: _MAC HUDSON_____    No.: _W48494_

Work Assignment: _____    Living Quarters: _E-1 #16_

NOTE:   If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.   You will be interviewed, if
necessary, in order to satisfactorily handle your request.   Your failure to
specifically state your problem may result in no action being taken.

DISPOSITION:   (Do not write in this space)    DATE:
_Your complaint To the publisher_
_who is NOT Sending iT here_

*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*M.C.I. Cedar Junction at Walpole*

*P.O. Box 100*

*South Walpole, Massachusetts 02071*

*Tel. (617) 727-1684 Fax. (617) 727-6571*

**Jane Swift**
*Governor*

**James P. Jajuga**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

**Peter E. Allen**
*Superintendent*

April 2, 2002

Mac Hudson, W-48494
MCI-Cedar Junction
WWSU

Dear Mr. Hudson:

I am writing in response to your two recent letters in which you allege that your outgoing mail is not reaching its destination.

This matter was looked into and there is no evidence to substantiate that your mail is being withheld or delayed. All of your outgoing mail is processed, as long as the outside of the envelope contains your name and return address.

Sincerely,

Peter Allen
Superintendent

cc. Inmate's file
file

4/26/05

MR. GARY Hebda
MAiLoFFiCER

RE: LETTER AUTHORIZATION by DAViD NoLaN
To WRiTE DERICK TylER.

DEAR MR. Hebda,

PLEASE FiNd ENCLOSEd MR. NOLAN'S LETTERS
PERMITTING AUTHORIZATION FOR TYLER & MySELF TO CORRESPOND.
YOUR REPRESENTATION THAT THE SUPERINTENDENT'S OFFICE DOES
NOT HAVE A COPY OF THIS OR SUCH AUTHORIZATION IS QUESTIONABLE

I HOPE THIS LETTER RESOLVES YOUR QUESTIONS,
PLEASE do NOT iNTERFERE WITH OUR CORRESPONDENCE. THANK
YOU FOR YOUR ATTENTION IN THIS MATTER.

SINCERELY
Mac Hudson

C-2 # 146
DDU.

CC: M.H.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| Name | HUDSON MAC | | Grievance# 5308 | Institution | MCI CEDAR JUNCTION | |
|---|---|---|---|---|---|---|

| Commit No. | W48494 | Housing | TEN BLOCK | Date Of Incident | 20040818 | Date Of Grievance | 20040822 |
|---|---|---|---|---|---|---|---|

**Complaint**  My lawyer Ms. Eva Clark sent me a legal document that I never received through the mail. It was a legal letter addressed to the Commissioner Dennehy on my behalf. (see copy of Ms. Clark's second letter notifying me attached).

**Remedy Requested**  I want to know why this matter and legal document not given to me and where is it presently. 2nd I would like you to secure a copy of this letter via Superintendent Nolan's office. Forward me a copy from Mr. Nolan's office.

**Staff Recipient**  Aucoin Ann Marie   CO I

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20040824   **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature**                                **Date**

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| Name | HUDSON MAC | | | Institution | MCI CEDAR JUNCTION |
|---|---|---|---|---|---|

| Commit No. | W48494 | Grievance# | 5308 | Date Received | 20040824 |
|---|---|---|---|---|---|

**Signature.**  Aucoin Ann Marie   CO I

Ex. A

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
## INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Name** | HUDSON MAC | | | | **Institution** | MCI CEDAR JUNCTION | |
| **Number** | W48494 | **Housing** | TEN BLOCK | | **Appeal Date** | 02-AUG-2004 | **Date Of Grievance** 28-JUL-2004 |
| | | | | | **Appeal Received Date** | 09-AUG-2004 | |

**Appeal Remedy Requested Staff Recipient Signature**

I appealing the Grievance Coordinator due to lack of verifying with other officials that my mail as being delivered late to me and failure to fing out of the IPS were censoring or monitoring my mail. Which led to Ms. Rhonda Spain letter mailed on 7/21/04 being switched with a letter I mailed on 7/24/04 to Ms. Codega. Which were both written on the date it was mailed out. The Grievance Coordinator has not addressed the issue specifically as enlisted in my remedy request. Whcih more than likely explains how the letters were swtiched. Secondly, the Grievance Coordinator did not investigate my claim of my mail being brought 2 weeks to 5 days late. Lt. Butters informed me that no one called him regarding him delivering (2) letters from Rhonda Spain and (1) from Ms. Codega postmarked on the 21st of July to me on the 28th of July, approx 4 p.m. Again this may be because of my mail being monitored and censor.

I originally asked for confirmation on whether my mail was being censured % monitored on or after 7/08/04, not 7/28/04. I want to know the answer to the latter question and if my mail was not being censored & monitored then why is mail arriving to me late like this weekly and the letters switched.

Aucoin Ann Marie  CO I

----

## DECISION BY SUPERINTENDENT

| | | | | | |
|---|---|---|---|---|---|
| **Appeal Received Date** | ************** | **Decision Date** | 25-AUG-2004 | **Decision** | Denied |

**Decision By**   Nolan David F  SUPERINTENDENT

**Reasons Signature**

I concur with the IGC. The Mail Officer and IPS confirm that your mail is not being tampered with. All mail is processed pursuant to the Inmate Mail Policy, 103 CMR 481.

**Date**   8/25/14

----

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | HUDSON MAC | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W48494 | **Appeal Received Date** | 09-AUG-2004 |
| **Staff Recipient** | Aucoin Ann Marie  CO I | | |

**Superintendent's Signature**

Ex. A.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

#4901

| **Name** | HUDSON MAC | | | **Institution** | MCI CEDAR JUNCTION | | |
|---|---|---|---|---|---|---|---|
| **Number** | W48494 | **Housing** | TEN BLOCK | **Appeal Date** | 02-AUG-2004 | **Date Of Grievance** | 28-JUL-2004 |
| | | | | **Appeal Received Date** | 09-AUG-2004 | | |

**Appeal Remedy Requested Staff Recipient Signature**

I appealing the Grievance Coordinator due to lack of verifying with other officials that my mail was being delivered late to me and failure to fing out of the IPS were censoring or monitoring my mail. Which led to Ms. Rhonda Spain letter mailed on 7/21/04 being switched with a letter I mailed on 7/24/04 to Ms. Codega. Which were both written on the date it was mailed out. The Grievance Coordinator has not addressed the issue specifically as enlisted in my remedy request. Whcih more than likely explains how the letters were swtiched. Secondly, the Grievance Coordinator did not investigate my claim of my mail being brought 2 weeks to 5 days late. Lt. Butters informed me that no one called him regarding him delivering (2) letters from Rhonda Spain and (1) from Ms. Codega postmarked on the 21st of July to me on the 28th of July, approx 4 p.m. Again this may be because of my mail being monitored and censor.

I originally asked for confrimation on whether my mail was being censured % monitored on or after 7/08/04, not 7/28/04. I want to know the answer to the latter question and if my mail was not being censored & monitored then why is mail arriving to me late like this weekly and the letters switched.

Aucoin Ann Marie CO I

---

## DECISION BY SUPERINTENDENT

| **Appeal Received Date** | ************** | **Decision Date** | | **Decision** | |
|---|---|---|---|---|---|
| **Decision By** | | | | | |
| **Reasons** | | | | | |
| **Signature** | | | | **Date** | |

---

## INMATE RECEIPT

| **Inmate's Name** | HUDSON MAC | **Institution** | MCI CEDAR JUNCTION |
|---|---|---|---|
| **Number** | W48494 | **Appeal Received Date** | 09-AUG-2004 |
| **Staff Recipient** | Aucoin Ann Marie CO I | | |
| **Superintendent's Signature** | *David Nolan* | | |

EX. A

ATTACHMENT "C"

**DEPARTMENT OF CORRECTION**
**INSTITUTION APPEAL FORM**
**FORWARD TO THE INSTITUTIONAL SUPERINTENDENT**

**SECTION A**

NAME: MAC Hudson                    INSTITUTION: HCI-CJ

NUMBER: W48494    HOUSING UNIT: 10 Black    DATE OF INCIDENT: 8/28 04

APPEAL: I'M appealing The GRievance Coordinator due To LAck

Of verifying with other officials That My MAiL was Being

delivered LaTe To Me & failure To find ouT if The IPS were
(ATTACH ADDITIONAL PAGE IF NECESSARY)  see BAck page ➞

**REMEDY**
REQUESTED: I ORiginally asked for Confirmation ON WHETHER My MAiL
WAS Being Censured & Monitored on or after 7) 8) 04, NoT 7/28)04.
I wANT To KNow The aNswer To The LaTTer question and ➞

INMATE SIGNATURE: Mac Hudson                    DATE: 8)2)04.

STAFF RECIPIENT:_____ DATE:_____

DATE RECEIVED:_____

---

**SECTION B**

ASSIGNED GRIEVANCE NUMBER:_____

ASSIGNED INSTITUTION APPEAL NUMBER:_____

DECISION RENDERED:        ____ APPROVED
                         ____ DENIED

SUMMARY OF FINDINGS:

_____
_____
_____
_____
_____

SUPERINTENDENT'S
SIGNATURE:_____ DATE:_____

**SECTION C**
**INMATE APPEAL RECEIPT**

INMATE NAME:_____ INSTITUTION:_____

NUMBER:_____ DATE RECEIVED:_____

RECEIPTING STAFF:_____ TITLE:_____

01/05/01                                                        491 - 15

EX. A.

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT

| Name | HUDSON MAC | | | | Institution | MCI CEDAR JUNCTION | | |
|---|---|---|---|---|---|---|---|---|
| **Number** | W48494 | **Housing** | TEN BLOCK | | **Appeal Date** | 02-AUG-2004 | **Date Of Grievance** | 28-JUL-2004 |
| | | | | | Appeal Received Date | 09-AUG-2004 | | |

**Appeal**

I appealing the Grievance Coordinator due to lack of verifying with other officials that my mail as being delivered late to me and failure to fing out of the IPS were censoring or monitoring my mail. Which led to Ms. Rhonda Spain letter mailed on 7/21/04 being switched with a letter I mailed on 7/24/04 to Ms. Codega. Which were both written on the date it was mailed out. The Grievance Coordinator has not addressed the issue specifically as enlisted in my remedy request. Whcih more than likely explains how the letters were swtiched. Secondly, the Grievance Coordinator did not investigate my claim of my mail being brought 2 weeks to 5 days late. Lt. Butters informed me that no one called him regarding him delivering (2) letters from Rhonda Spain and (1) from Ms. Codega postmarked on the 21st of July to me on the 28th of July, approx 4 p.m. Again this may be because of my mail being monitored and censor.

**Remedy Requested**

I originally asked for confirmation on whether my mail was being censured % monitored on or after 7/08/04, not 7/28/04. I want to know the answer to the latter question and if my mail was not being censored & monitored then why is mail arriving to me late like this weekly and the letters switched.

**Staff Recipient**

Aucoin Ann Marie  CO I

**Signature**

## DECISION BY SUPERINTENDENT

| **Appeal Received Date** | **************** | **Decision Date** | 25-AUG-2004 | **Decision** | DENIED |
|---|---|---|---|---|---|

**Decision By**   Nolan David F  SUPERINTENDENT

**Reasons**

I concur with the IGC. The Mail Officer and IPS confirm that your mail is not being tampered with. All mail is processed pursuant to the Inmate Mail Policy, 103 CMR 481.

**Signature**

11/17/04 - In accordance with 103 CMR 491, I have reviewed grievance/grievance appeal #4901 regarding a mail issue, which occurred on July 28, 2004.

Please be advised that I support the Superintendent's decision to deny your grievance, as the facts presented do not indcate that your mail is being tampered with.  Your mail was inadvertently sent to the wrong unit, which resulted in a late delivery.

Kristie Ladouceur

Department Grievance Coordinator

| | Date | |
|---|---|---|

## INMATE RECEIPT

**Inmate's Name** HUDSON MAC

**Institution** MCI CEDAR JUNCTION

**Number** W48494

**Appeal Received Date** 09-AUG-2004

**Staff Recipient** Aucoin Ann Marie  CO I

**Superintendent's Signature**

BRee McDermot
C.P.O. of A-2
P.O. Box 100
S Walpole Ma. 02071

Mac Hudson
A-2 #11
P.O. Box 100
S. Walpole Ma. 02071

6/14/04

Dear Bree

On 6/2/04, I submitted a purchase slip with 4 legal letters that I mailed out via the purchase slip. I have the other unstamped end of the receipt do to the policy change.

However, the court's never received any of my motions. Can you please indicate to me whether you forward this to the Treasury office to be process or are you still in receipt of the request;

If you have forwarded this mail request, can you call the Treasury office to see whether they processed my request please. I need this in writing to present to court that I did submit these motions timely.

Thank you for your attention & time.

Sincerely
Mac H.

ATTACHMENT "C"

**DEPARTMENT OF CORRECTION**
**INSTITUTION APPEAL FORM**
**FORWARD TO THE INSTITUTIONAL SUPERINTENDENT**

**SECTION A**

NAME: MAC Hudson            INSTITUTION: MCI-CJ

NUMBER: W48494   HOUSING UNIT: 10 Black   DATE OF INCIDENT: 8/28/04

APPEAL: I'M appealing The GRievance Coordinator due To LACK

Of Verifying with other officials That My MAil was Being

delivered LaTe To Me & failure To find out if The IPS were

(ATTACH ADDITIONAL PAGE IF NECESSARY)   See BACK page ⟹

**REMEDY**
REQUESTED: I ORiginally asked for Confirmation ON whether My MAil
was Being censored & Monitored on or after 7/8/04, NoT 7/28/04.
I want To know The answer To The LaTTer question and   ⟹

INMATE SIGNATURE: Mac Hudson            DATE: 8/2/04.

STAFF RECIPIENT: _____ DATE: _____

DATE RECEIVED: _____

--------------------------------------------------------------------

**SECTION B**

ASSIGNED GRIEVANCE NUMBER: _____

ASSIGNED INSTITUTION APPEAL NUMBER: _____

DECISION RENDERED:        _____ APPROVED
                          _____ DENIED

**SUMMARY OF FINDINGS:**

_____

_____

_____

_____

_____

SUPERINTENDENT'S
SIGNATURE: _____ DATE: _____

**SECTION C**
                    **INMATE APPEAL RECEIPT**

INMATE NAME: _____ INSTITUTION: _____

NUMBER: _____ DATE RECEIVED: _____

RECEIPTING STAFF: _____ TITLE: _____

01/05/01                                              491 - 15



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*50 Maple Street, Suite 3*

*Milford, Massachusetts 01757-3698*

*(508) 422-3300*

*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James R. Bender
*Acting Deputy Commissioner*

October 26, 2004

Mac Hudson, W48494
MCI-Cedar Junction
P.O. Box 100
So. Walpole, MA 02071

Dear Mr. Hudson:

I am in receipt of your correspondence regarding Grievance #4901 relative to mail concerns.

Please be advised that I am currently conducting a review of the above-referenced grievance. At the conclusion of my review, you will be provided written notification regarding my decision/findings.

I hope that I have addressed your immediate concerns.

Sincerely,

Kristie Ladouceur
Department Grievance Coordinator

cc:    David Nolan, Superintendent
       Ann-Marie Aucoin, I.G.C.
       File

PRINTED ON RECYCLED PAPER

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### INMATE GRIEVANCE FORM

#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| **Name** | HUDSON MAC | | **Grievance#** 6189 | | **Institution** MCI CEDAR JUNCTION | | |
|---|---|---|---|---|---|---|---|
| **Commit No.** | W48494 | **Housing** TEN BLOCK | | **Date Of Incident** | 20041009 | **Date Of Grievance** | 20041009 |

| **Complaint** | Summary<br>My outgoing legal mail addressed to Attorney Jean Fielding was illegally opened by the mail department and returned to me opened.  The Lt.  of the unit wrote an incident report.  Also, I am being overcharged for my mail. |
|---|---|
| **Remedy Requested** | I want to know why my legal mail was opened.  I want my legal mail unmolested.  I want my mail to stop being weighed by the mail department because they are over charging.  i want to be re-imbursted for my extra 2 stamps.  I payed to mail outside of $3.39 |
| **Staff Recipient** | Aucoin Ann Marie    CO I |
| **Staff Involved** | - |
| **Signature** | |

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

| **Date Received** | 20041015 | **Decision Date** | |
|---|---|---|---|
| **Signature** | | | |
| **Final Decision** | | | |
| **Decision** | | | |
| **Signature** | | **Date** | |

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

## INMATE RECEIPT

| **Name** | HUDSON MAC | | | **Institution** MCI CEDAR JUNCTION |
|---|---|---|---|---|
| **Commit No.** | W48494 | **Grievance#** 6189 | **Date Received** | 20041015 |
| **Signature.** | Aucoin Ann Marie    CO I | | | |



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*50 Maple Street, Suite 3*

*Milford, Massachusetts 01757-3698*

*(508) 422-3300*

*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James R. Bender
*Acting Deputy Commissioner*

October 26, 2004

Mac Hudson, W48494
MCI-Cedar Junction
P.O. Box 100
So. Walpole, MA  02071

Dear Mr. Hudson:

I am in receipt of your correspondence regarding Grievance #4928. This letter was
received by this office on September 20, 2004.

Please be advised that I am currently conducting a review of the above-referenced
grievance. At the conclusion of my review, you will be provided written notification
regarding my decision/findings.

I hope that I have addressed your immediate concerns.

Sincerely,

Kristie Ladouceur
Department Grievance Coordinator

cc:     David Nolan, Superintendent
        Ann-Marie Aucoin, I.G.C.
        File

Printed on Recycled Paper

MR. GARY HEBda

MAIL ROOM

P.O. Box 100

S. WALpoLE MA. 02071

MAC HUDSON

P.O. Box 100

SWALpoLE MA. 02071

10/28/04

Dear MR. HeBda,

ON 10/19/04. I Received a LeTTeR fRom MS. RonDa SpaiN WHich Had a $20. Money ORdeR iN iT. THe Money ORdeR was NOT deposiTed iNTo My accouNT uNTiL 10/25/04, six days LaTeR. See Money Receipt aTTacHed:

IM expecTiNg a Money oRdeR foR $300. fRom HAROLD SMiTHeRMAN THaT wus SeNT To Me LasT THuRsday. THe Money ORdeR № NumbeR is 07166413225. I Have NOT Received aNy coNfiRMaTioN THaT THis Money Has caMe. THis is THe secoNd TiMe THaT THis Money Has beeN Re-issued aNd seNT To Me.

I WANT To KNOw WHY My Money WAs NOT ~~anotHeR~~ deposiTed iN My accouNT uNTiL 6 days LaTeR by RonDa SpaiN? I WANT To KNOw WHeRe is My $300. Money oRdeR aLSo?

SiNceReLy

Mac Hudson

CC: H, H

4/12/05

GARY Hebda
Mail Officer
P.O. Box 100
S. WALpole MA 02071

RE: Return Legal Mail To
Derrick Tyler

Dear MR Hebda,

EARLIER Today I MAiled a Legal package To
DERRICK Tyler via purchase slip. This was approved by UNiT
Team of DDU bearing approval Signature.

TONiGHT I Received The slip back attached To
The Legal package. The Legal package was MARKed denied
without any explanation. Were approved To correspond iN
Hudson et al. v. Dennehey, et.al. USDC. C.A No 01- 12145-RGS

SO WHY WAS My Legal package interfered
with by your department and NoT processed. IM eager For a
Response.        ANSWER:

The SUPT OFF.
HAS NO Record   Sincerely
OF Your APProval  Mac Hudson WAS
TO Corr's. DDU it Meg i
w/Tyler That is My Denied
CCe MH
GA 4/13



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*

*M.C.I. Cedar Junction at Walpole*

*P.O. Box 100*

*South Walpole, Massachusetts 02071*

Argeo Paul Cellucci
*Governor*

Kathleen M. O'Toole
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

John Marshall, Jr.
*Superintendent*

August 26, 1998

Mac Hudson, W-48494
MCI-Cedar Junction
Modular Unit

Dear Mr. Hudson:

I am writing in response to your recent letter concerning mail that you have not yet received from your family.

All mail that arrives from either the Post Office or another institution is delivered promptly. I can find no evidence that any of your mail is being tampered with or withheld by this facility.

Sincerely,

Peter Allen
Acting Superintendent

cc. Dale Bissonnette, Unit Manager
    Inmate's file
    File

INMATE REQUEST TO STAFF MEMBER

TO: Beverly Veglas, Law Librarian _____ DATE: 11/11/01
(Name and Title of Officer).

MCI CEDAR JUNCTION
RECEIVED
NOV [illegible]
Mississippi [illegible] 2001
DEPT. OF CORRECTIONS
LAW LIBRARY

SUBJECT:   State completely but briefly the problem which you desire
(give details)

MS Veglas, I submitted a package for (3) copies & Legal
Request on 11/4/01. Mid week I wrote the Mail office to see if
they did Mail this to your department and received a written response
from Mail officer Hobda that this package was delivered to your
department. However, I have NOT received My copies Back or supplies
for last week. Contained in this envelope was exhibits to My pending case
SMU operational Manual, McMorandums, Climate Reports. I have an
(Use other side of page if more space is needed)
ATTORNEY Visit scheduled for 11/12/01 in which I wanted to have my material

ACTION REQUESTED:   (State exactly how you believe your request may be handled;
PREPARED for Before that is, exactly what you think should be done, and how.) filing in Court.

____ Please do NOT confuse this package with my Request submitted on
11/8/01 & 11/9/01. for copies. I'd Like you to please forward me
My Material outlined above that has n't Been Returned to Me and send me
Supplies that I did NOT get Last week so I can Make Court filings early this week.

NAME: MAC Hudson _____ No.: W48494

Work Assignment: _____ Living Quarters: PLY-3 #14

NOTE:   If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.   You will be interviewed, if
necessary, in order to satisfactorily handle your request.   Your failure to
specifically state your problem may result in no action being taken.

DISPOSITION:   (Do not write in this space)        DATE: 11/14/01

As you will note, by the attached, your work was completed
on Nov 11 & Nov 12. I was not in the institution
on Nov 10, 11, 12, 13. I received your inquiry today. I
do not have any of your copies here in the library and
I can only assume someone has delivered them to
you. Had I been in the institution, I would
have done so as I do normally. I can assume
that this request and your copies crossed in
the delivery process. I deliver Supplies on Fridays
each week. I have received ___ B.J. Veglas
no such request from you       Librarian II    (Ex. A)
for last week or this week

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: GARY HeBdg Mail officer.    DATE: 7/9/02
(Name and Title of Officer).

SUBJECT:    State completely but briefly the problem which you desire assistance
(give details)

MR HeBdg I'M Missing aRTicles of Mail, 3 weeks ago My
SISTER CHARLENE HudSoN SeNT Me a PubLiSH CouRT documeNT
BARing CuM V PRince Muses decisioN, I NEVER geT THIS.
LasT week Runda spain Maiced Me a packuge of CoNTaining
Her LeTTeR & MaTeRial. I HAVE NoT Received aNY of THeSe
DocumeNTs, ALSo, I'M geTTing My Mail a week LaTeR afTeR
THe posT MaRk CeNa Colleges LeTTeR is P-M THe 2Nd I goT iT oN
THe 8TH
(Use other side of page if more space is needed)

ACTION REQUESTED:    (State exactly how you believe your request may be handled;
that is, exactly what you think should be done, and how.)

I KNOW FROM posT expeRieNce THaT you foRwaRd MeN'S Mail
To I.P.S DepaRTMeNT uNKNoWN To THe pRisoNeR. CaN you peevse
foRWaRd THese MiSSing aRTicles oR expLaiN WHY I'M NoT
Receiving iT.

NAME: MAC HudSoN    No.: W48494

Work Assignment:    Living Quarters: P-9 #73

NOTE:    If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.    You will be interviewed, if
necessary, in order to satisfactorily handle your request.    Your failure to
specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)    DATE:

3 wKs AgA I wAs 6-23 THRU 7/2
NoT HeRe

LasT wK I wAs 7-13 THRU 7-21
NoT HeRe

I AM NoT with holding ANy of youR
MAil. CK with THe PRoP DepT. The
pKgs MAY HAve Bee seNT THeRe
GH 7/23

C.H.S Sup p 43

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: Gary Hebda Mail Officer          DATE: 11/13/02
(Name and Title of Officer)

SUBJECT:  State completely but briefly the problem which you desire assistance
(give details)

MR. Hebda, I HAVE spoken To Cena Codiyas WHo INFERMED Me
SHE SENT Me A LETTER LATE LAST MONTH, AND 2 LETTERS
THIS MONTH PRIOR To My Receipt of HER card ON 11/12/02,
HOWEVER, I HAVE NOT Received HER MAIL, THIS is Compounded By
THE fACT THAT I Received a Legal LETTER FROM ATTY GREG SCHUBERT
7 days Late AFTER THE POST MARK.

(Use other side of page if more space is needed)

ACTION REQUESTED:    (State exactly how you believe your request may be handled;
that is, exactly what you think should be done, and how.)

CAN You Tell if You'Ve FORWARd THESE LETTERS To ANY
OTHER dEPARTMENT OR MisPlaced THEM By CHANCE.

NAME: Mac Hudson                                    No.: W48494
Work Assignment: _____          Living Quarters: PLY-3 #20

NOTE:   If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.   You will be interviewed, if
necessary, in order to satisfactorily handle your request.   Your failure to
specifically state your problem may result in no action being taken.

DISPOSITION:  (Do not write in this space)              DATE: _____

NO AS YOUR MAIL ARRIVES
IT IS Being SenT to YouR
MAIL IS NOT Being With hcc()

G/H

11/22

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.mass.gov/doc*



**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

January 28, 2003

Mac Hudson, W-48494
MCI-Cedar Junction
P.O. Box 100
So. Walpole, MA 02071

Dear Mr. Hudson:

Your letter to Secretary of Public Safety James Jajuga dated September 30, 2002, concerning the denial of legal copies, has been referred to me for reply.

Superintendent Allen informed me that you addressed this issue with him in September, and he advised you that he concurred with both the Librarian and the Director of Treatment's response to this issue.

There are photocopying guidelines in place in the Library at MCI-Cedar Junction, and Superintendent Allen assures me that those guidelines were appropriately followed in your case.

Sincerely,

Michael T. Maloney
Commissioner

cc:    Carol Higgins, Undersecretary of Public Safety
       Peter Allen, Superintendent
       Inmate's file
       File

PRINTED ON RECYCLED PAPER

[illegible]

10/23 = $20

10/20/04

Dear Mr. [illegible]

On 10/19/04 I received a letter from Ms Ronda [illegible] had a $200 money order in it. The money order was not [illegible] my account until [illegible], six days after the money was [illegible].

I'm expecting a money order for $300 from [illegible] that was sent to me last Thursday. The money order [illegible] I have not received any [illegible] the money [illegible]. This is the second time [illegible] has been [illegible] to me.

I want to know why my money was not ~~[illegible]~~ deposited in my account until 6 days after ms Ronda [illegible]

[illegible]

Sincerely,

[illegible]

10/7 To 10/30 No CKS ARRIVED BY MAIL FOR 300

YOU MUST DIRECT YOUR ? TO THE TREAS OFFICE. AS YOUR MAIL IS PROCESSED THE CK'S ARE DEPOSITED IN THE SAFE WHERE AS THE TREAS. OFF REMOVES THEM.

GA 11/1/02

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: GARY HEBELA  MAIL OFFICER          DATE: 11/22/01
      (Name and Title of Officer).

SUBJECT:   State completely but briefly the problem which you desire assistance
           (give details)

I HAVE 2 QUESTIONS; 1) ON 11/4/01 I MAILED A LAW LIBRARY REQUEST
FOR COPIES THAT CONTAINED THE SMU OPERATIONAL MANUAL, MEMORANDUMS,
PARALEGAL T.P.I SCHOOL MATERIAL AND CASES. THE LIBRARIAN HAS WENT AS FAR AS
TO SAY SHE NEVER GOT MY REQUEST... Did you FORWARD MY REQUEST TO THE
LAW LIBRARY, IF NOT WHY is YOUR DEPARTMENT HOLDING MY LEGAL REQUEST? See
if I MAY HAVE FORGOT TO PUT MY NAME ON THE RETURN ADDRESS (A MANILLA ENVELOPE).
2) I MAILED IN A PURCHASE SLIP TO SEND LEGAL MAIL OUT AND WAS DENIED
      (Use other side of page if more space is needed)
BY YOUR DEPARTMENT TO MAIL OUT THIS PRIVILEGED MAIL. THERE'S NO POLICY
ACTION REQUESTED:   (State exactly how you believe your request may be handled;
           that is, exactly what you think should be done, and how.)

THAT REQUIRES ME TO USE STAMPS THAT I DON'T HAVE FOR TIMELY MAILING.
if I RUN OUT OF STAMPS IT'S PERMITTABLE TO SEND OUT MY LEGAL & NON PRIVILEGED
MAIL V.I.A. PURCHASE SLIP, BY YOU DENYING ME, YOU FORCE ME TO BORROW STAMPS
FROM PRISONERS TO MEET COURT DEADLINES, WHICH IS BREAKING THE RULES. ──➤

NAME: _____          No.: _____

Work Assignment: _____          Living Quarters: _____

     NOTE:   If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.   You will be interviewed, if
necessary, in order to satisfactorily handle your request.   Your failure to
specifically state your problem may result in no action being taken.

DISPOSITION:   (Do not write in this space)          DATE: _____

_____

_____

1) AS LONG AS YOUR NAME WAS ON THE
ENVELOPE AS THE SENDER, IT WAS
PUT IN THE LAW LIB. MAIL BOX.

2) POP INMATES MUST USE STAMPS FOR
POSTAGE. PURCH. SLIPS ARE ACCEPTED FOR
BIGGER PKGS, NOT STAND. MAILING ENV.

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: GARY HeBda  MAIL OFFICER                    DATE: 11/22/01
   (Name and Title of Officer).

SUBJECT:  State completely but briefly the problem which you desire assistance
          (give details)

I HAVE 2 QuesTions; 1) ON 11/4/01 I MAiled A LAW LIBRARY Request
FOR Copies THAT CONTAINED THE SMU OPERATiunal MANUAL, MeMORANDUMS,
PARALegaL T.P.I ScHOOL MATERIAL ANck CASes. THE LIBRARIAN HAS WENT AS FAR AS
To SAY SHE Never got My RequesT... Did you FORWARD My Request To THE
LAW LIBRARY, if NOT WHY is YouR deparTMent HOLDiNG My LegaL RequesT? See
if I MAY HAVE FORGOT To puT My NAME ON THE ReTuRN AddRess (A MANiLA eNVeLope).
2) I MAiled iN A PuRCHASe SLip To SeNd LegaL MAiL ouT ANd WAS deNied
          (Use other side of page if more space is needed)
By YouR deparTMENT To MAiz out THis PRiVileged MAiL. THere's No poLicY
ACTION REQUESTED:  (State exactly how you believe your request may be handled;
                   that is, exactly what you think should be done, and how.)

THAT Requires Me To USe STAMps THAT I doNT HAVe FoR TiMeLY MAiLiNg.
if I RuN ouT of STAMps iT's PeRMiTTABLe To SeNd out My LegaL & NoN PRiVilege
MAiL V.I.A PURCHASe SLip, By You deNyiNg Me, You foRce Me To BuRRuW STAMps
FRoM PRiSuNers To MeeT CourT DeAdLiNes, WHicH is BReAkiNg THe RuLes. ——>
NAME:_____ No.:_____

Work Assignment:_____  Living Quarters:_____

─────────────────────────────────────────────────────────────────
   NOTE:  If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.  You will be interviewed, if
necessary, in order to satisfactorily handle your request.  Your failure to
specifically state your problem may result in no action being taken.

─────────────────────────────────────────────────────────────────
DISPOSITION:  (Do not write in this space)              DATE:_____

1) AS LonY AS YouR NAMe WAS ON The
ENVeLope AS The SeNdeR, iT WAS
PuT iN The LAW LiB. MAiL Box.

2) POP iNMATeS MuST USe STAMpS FoR
POSTAge. PuR ch. SLyps ARe ALCepTeD FoR
BiggeR pKGS, NoT STANd. MAiLiNg ENV.

*Executive Office of Public Safety*

*Department of Correction*

*M.C.I. Cedar Junction at Walpole*

*P.O. Box 100*

*South Walpole, Massachusetts 02071*

*Tel: (617) 727-1684 Fax: (617) 727-6571*

Jane Swift
*Governor*

James P. Jajuga
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

Peter E. Allen
*Superintendent*

April 2, 2002

Mac Hudson, W-48494
MCI-Cedar Junction
WWSU

Dear Mr. Hudson:

I am writing in response to your two recent letters in which you allege that your outgoing mail is not reaching its destination.

This matter was looked into and there is no evidence to substantiate that your mail is being withheld or delayed. All of your outgoing mail is processed, as long as the outside of the envelope contains your name and return address.

Sincerely,

Peter Allen
Superintendent

cc. Inmate's file
   file

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: GARY  HeBda   Mail Officer        DATE: 11/13/02
         (Name and Title of Officer)

SUBJECT:  State completely but briefly the problem which you desire assistance
          (give details)

MR. HeBda, I HAVE spoken To Cena Codega, who iNfoRMed Me
SHe SeNT Me a LeTTeR LaTe LAST MoNTH, And 2 LeTTeRS
THIS MoNTH PRioR To My ReceipT of HeR caRd oN 11/12/112.
HoWeveR, I HAVE NOT Received HeR Mail, THis is CoMPounded By
THe fAcT ThaT I Received a Legal LeTTeR fRoM ATTY GReg SCHUBeRT
2 days LaTe afTeR The postMaRk.

(Use other side of page if more space is needed)

ACTION REQUESTED:  (State exactly how you believe your request may be handled;
                    that is, exactly what you think should be done, and how.)
       CAN you Tell if you'Ve foRwaRd THese LeTTeRS To ANY
    OTHeR depaRtMenT OR MisPlaced THeM By CHANCe.

NAME: MAc Hudson                            No.: W48494
Work Assignment:                           Living Quarters: PCy-3 #20

     NOTE:  If you follow instructions in preparing your request, it can be
disposed of more promptly and intelligently.  You will be interviewed, if
necessary, in order to satisfactorily handle your request.  Your failure to
specifically state your problem may result in no action being taken.

DISPOSITION:  (Do not write in this space)          DATE:
       NO  AS  YouR  MAiL  ARRiVes
       iT  iS  Being  SenT  To  YouR
    MAiL  iS  NoT  Being  Tith  hcCi)
                    GH
                   11/22

DEPARTMENT OF CORRECTION

INMATE REQUEST TO STAFF MEMBER

TO: GARY HeBda Mail Officer.    DATE: 7/9/02
(Name and Title of Officer).

SUBJECT: State completely but briefly the problem which you desire assistance (give details)

MR HeBda I'M Missing aRTicles of Mail, 3 weeks ago My SISTER CHARLENE HudSon SenT Me a PubLish CourT documenT BARing CUM v. PRINce MoSes decision, I NeVeR goT This. LasT Week RuNda Spain Mailed Me a packuge of CoNTaiNing Her LeTTer & MaTeRial. I HAVE NoT Received aNy of These DocumeNTS, ALSo, I'M geTTing My Mail a week LaTeR afTeR The posT MARK CeNa Colleges LeTTeR is P-M The 2Nd & I goT iT oN The 8TH
(Use other side of page if more space is needed)

ACTION REQUESTED: (State exactly how you believe your request may be handled; that is, exactly what you think should be done, and how.)

I KNow fRoM posT expeRieNce ThaT you foRwaRd MeNs Mail To I.P.S DepaRTMeNT uNkNowN To The pRisoNeR. CAN you pleuse foRwaRd These MiSSing aRTicles oR explaiN WHy I'M NoT ReceiViNg iT.

NAME: MAC HudSoN    No.: W48494

Work Assignment:    Living Quarters: P-8 #13

NOTE: If you follow instructions in preparing your request, it can be disposed of more promptly and intelligently. You will be interviewed, if necessary, in order to satisfactorily handle your request. Your failure to specifically state your problem may result in no action being taken.

DISPOSITION: (Do not write in this space)    DATE:

3 wks AgA I WAS → 6-23 THRu 7/2
NoT HeRe

LasT wk I WAS → 7-13 THRu 7-21
NoT HeRe

I AM NoT with holding ANy of youR MAiL. Ck with The PRop DepT. The PkgS MAy HAVE BeeN SeNT TheRe.    GH 7/23



*The Commonwealth of Massachusetts*

*Executive Office of Public Safety*

*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*

Argeo Paul Cellucci
*Governor*

Kathleen M. O'Toole
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

August 26, 1998

John Marshall, Jr.
*Superintendent*

Mac Hudson, W-48494
MCI-Cedar Junction
Modular Unit

Dear Mr. Hudson:

I am writing in response to your recent letter concerning mail that you have not yet received from your family.

All mail that arrives from either the Post Office or another institution is delivered promptly. I can find no evidence that any of your mail is being tampered with or withheld by this facility.

Sincerely,

Peter Allen
Acting Superintendent

cc. Dale Bissonnette, Unit Manager
Inmate's file
File

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.

SUPERIOR COURT
Civil Action
No. 00-5098

TIMOTHY J. WINTERS and
CELESTINO COLON,
Plaintiffs

vs.

DEPARTMENT OF CORRECTION,
Defendant

ORDER FOR PARTIAL FINAL JUDGMENT

On joint motion of the parties and upon determining,

pursuant to Mass. R. Civ. P. 54(b), that no just reason exists

for delay in entering partial final judgment,

It is ORDERED and ADJUDGED:

1.    The following class of plaintiffs is hereby certified in
accordance with Rule 23(b), Mass. R. Civ. P.: All inmates in the
custody of the Department of Correction against whom the
Department of Correction has assessed the costs of collecting and
processing DNA samples ("DNA costs") as set forth in G.L. c. 22E,
§ 4(b), and 801 C.M.R. 402.520(4).

2.    Judgment shall enter in favor of the plaintiff class on
the First and Second Causes of Action in the Amended Complaint,
dated January 17, 2001, as follows:

        A.   declaring that, to the extent it purports to
        authorize the Commissioner of the Department of
        Correction to define indigence for purposes of
        assessment of DNA costs and to deduct DNA costs from
        inmate accounts without consent, 103 C.M.R. 405.18 is
        ulta vires and void;

B.   declaring that the Department of Correction's DNA Assessment Procedures are ultra vires and void;

C.   enjoining the Department of Correction from deducting DNA costs from wages earned or moneys received by inmates or from any inmate account without consent and from freezing inmates' accounts for any reason associated with the assessment of DNA costs; and

D.   ordering the Department of Correction to reimburse all class members the full amount of DNA costs collected or seized from them which have not been returned to them as of the date of this Judgment, with interest.[1]

3.   Judgment shall enter dismissing the Third Cause of Action in the Amended Complaint (due process claims) as the Third Cause of Action is mooted by the foregoing declaration.

4.   The Department of Correction shall give notice of this Partial Final Judgment to members of the class by posting copies within each prison.

This judgment is entered without prejudice to the plaintiffs' challenging the validity of any assessment of DNA costs from an inmate with the consent of the inmate after the date of this Judgment.

Diane M. Kottmyer
Justice of the Superior Court

Date: April 24, 2001

entered: 4/25/2001

[1] The Department of Correction began the process of reimbursing class members on April 5, 2001, and anticipates that refunds will be completed on or before June 6, 2001.

# Commonwealth of Massachusetts
## County of Middlesex
### The Superior Court

Telephone: 617-494-4010 EXT 4281

Plaintiff and the intervenors allege that they are indigent as defined in section 27A, but that DOC, relying upon 103 C.M.R. § 405.18(2) and its DNA Assessment Procedures, froze their personal accounts and confiscated funds ($110) to pay DNA costs. They seek an order enjoining DOC from continuing to enforce 103 C.M.R. § 405.18(2) and its DNA Assessment Procedures.

Because the issue as to the validity of §405.18(2) and the DNA Assessment Procedures had been previously litigated by DOC[2] and involves principally a question of law, the Court ordered the trial on the merits to be advanced and consolidated with the hearing on the application for a preliminary injunction. Trial was held on March 2 and 9, 2001, and the parties submitted supplemental memoranda on March 16, 2001.

After trial, I find, for the reasons stated below, that 103 C.M.R. § 405.18 is ultra vires and void to the extent that it 1) authorizes DOC's Director of Administrative Services to define

---

[2] At least two judges of this Court have concluded that DOC's reliance on 405.18(2) and its DNA Assessment Procedures in determining indigence for purposes of assessing DNA costs violates G.L. c. 22E, § 4(b). See Commonwealth v. Sargent, Memorandum of Decision and Order on Defendant's Motion to Waive DNA Assessment Fees, Middlesex Sup. Ct. Crim. No. 91-3015 (Nov. 28, 2000) (Grabau, J.) ("The definition of indigence to be employed for purposes of waiving the cost of preparing, collecting and processing a DNA sample is found in G.L. c. 261, § 27A. . . . [T]he legislature failed to authorize the DOC to create 'DNA Assessment Procedures' or define 'indigent' in G.L. c. 22E, § 4."); Winters v. Maloney, Middlesex Sup. Ct. No. 00-5098, 5361, Order on Applications for Preliminary Injunctions (December 15, 2000), (Neel, J.) ("Where the Commonwealth has failed to establish any basis upon which it may ignore the clear mandate of the statute regarding determination of indigence, the answer must be that an inmate who is indigent as defined by Section 27A may not be forced to contribute to '[t]he cost of preparing, collecting and processing a DNA sample.'").

("the Commissioner") to promulgate regulations.

Costs of collecting and processing DNA samples are to be determined by the Secretary of Administration and Finance and costs shall be paid to the Department of the State Police. G.L. c. 22E, § 4(b). The Secretary of Administration and Finance has set the fee at $110. 801 C.M.R. §402.520(4).

B.   The DOC Regulation and DNA Collection Procedures

DOC thereafter enacted 103 C.M.R. § 405.18.    Subpart (2), entitled "Other Authorized Assessments," provides:

> An inmate who is the subject of any authorized assessment, including but not limited to, the cost of preparing, collecting, and processing of DNA samples and other legislatively authorized assessments, may consent to having funds debited from his savings and personal accounts to satisfy such assessments.

Where an inmate is not "indigent" and refuses to consent to the voluntary debiting of his savings and personal accounts, the Superintendent

> may order the debiting of the inmate's savings and personal accounts for up to ½ of the money earned by the inmate while incarcerated and any unearned funds [or, if the inmate is serving a life sentence or is a Sexually Dangerous Person all money may be debited.] Id. 2(d).

Where the amount debited from an inmate's accounts is insufficient to satisfy the assessment

> the Superintendent may order the impoundment of the inmate's accounts for the remaining amount.  During the period of impoundment no account funds may be expended by the inmate. Id. 2(e).

In subsection 2(c), the regulation directs DOC's Director of Administrative Services to establish standards for determining indigence for purposes of 103 C.M.R. § 405(18).   Pursuant to that

4

[29][5] and the court finds that the inmate is incapable of making payments under the plan set forth in said section [29].

Clauses (a) and (b) do not apply to inmates. See, e.g., Schmitt v. Department of Correction, Suffolk Sup. Ct. Civ. Action No. 99-4305 & 4298 (King, J., Nov. 29, 1999); Moore v. Maloney, Suffolk Sup. Ct Civ. Action No. 98-0019 (Lauriat, J.,July 20, 1998); Fruchtman v. Maloney, Suffolk Sup. Ct. Civ. Action No. 97-6097 (Hinkle, J., March 20, 1998). Section 29 applies to inmates seeking waiver of filing fees and costs in certain cases filed in court. When it adopted the definition of indigent in Section 27A for purposes of the Act, the Legislature presumably contemplated that the proviso relating to inmates in section 27A would apply to the determination of indigence for purposes of assessing DNA costs given the obvious fact that many, if not the majority, of those required to provide samples will be incarcerated at the time the sample is taken. Under section 29, inmates who have less than a $50 average balance in their accounts over a six month period preceding the determination and no other resources are indigent.[6] Under the DOC definition, an inmate does not qualify as indigent unless the balance in his account was less than ten dollars for the preceding sixty days.

The Department argues that the intervenors are not indigent

---

[5] The statute refers to § 27H, which does not exist. Section 29, which concerns indigence of inmates, was added by the same amendments that added the reference to 27H to § 27A.

[6] At the time of the first payment, the inmate must have a $100 average balance.

inmate does not qualify as indigent under the DOC standard.

If a request for clothing is approved, the inmate may receive up to six sets of underwear, six pairs of socks, three pairs of scrubs, and two pairs of the canvas footwear in a six month period. Thermal underwear is issued only to outside workers. If a request for personal hygiene supplies is approved, the inmate may receive two bars of soap per month, two disposable razors per month, two tubes of toothpaste per month and one toothbrush per quarter. Indigent inmates may mail three personal letters per week free of charge. No inmate receives deodorant, shampoo, shaving cream, tissues, aspirin, nonprescription cold remedies or writing materials. All of these items are, of course, available for purchase in the canteen. The record thus establishes that inmates who do not qualify as indigent under the DOC standard receive some, but not all, necessary clothing free of charge and do not receive any of the supplies which are necessary to maintain a basic standard of personal hygiene. None of the intervenors qualified as indigent under the DOC standard.[10]

Based on the evidence introduced at trial, I find that, at the time their DNA samples were taken, intervenors White, Britto, Perry and Federici were indigent as defined in section 27A and therefore

_____

[10] Although the procedures state that an inmate whose account is frozen pursuant to the DNA Assessment Procedures will receive indigent clothes and supplies, intervenor White testified that he submitted several requests for personal hygiene supplies and several requests for clothes while his account was frozen and received no response.

8

Chapter 127, § 3 provides that superintendents of all Massachusetts prisons "shall keep a record of all money or other property found in possession of prisoners committed to such institutions, and shall be responsible to the commonwealth for the safe keeping and delivery of said property to said prisoners" on their discharge.   Section 3 requires the superintendents "upon receipt of an outstanding victim and witness assessment, [to] transmit to the court any part or all of the monies <u>earned</u> or <u>received</u> by any inmate and held by the correctional facility." (emphasis added)     Section 48A provides for the compensation of prisoners who perform work while incarcerated. The Commissioner is authorized to "establish a graduated scale of compensation" to be paid to the inmates and to establish, amend or annul "rules and regulations for carrying out the purposes of this section." Compensation may not be paid directly to an inmate, but the superintendent "may expend one half of the money so earned by any inmate on behalf of the inmate <u>for articles for the use of the inmate</u> (emphasis added).[13]  Section 48A continues:

> The superintendent shall also expend any part or all of such money of any inmate to satisfy the victim witness assessment ordered by a court pursuant to G.L. c. 258B, § 8.[14]  The remainder of the moneys so earned, after deducting amounts expended on behalf of the inmate as aforesaid, shall be accumulated to the credit of the inmate and shall be deposited in an interest bearing

---

[13]   In the case of certain inmates, including those serving life sentences, the superintendent "may so expend" any part or all of such money.

[14]   This sentence was added to the statute in 1994.   In an apparent scrivener's error the same sentence is repeated at the end of the second full paragraph of § 48A.

10

§ 48A, i.e., from monies earned by an inmate.[15]

2.  Statutes Expressly Authorizing The Commissioner To Issue Regulations Relating to Deductions From Inmate Earnings/Accounts

Section 48 of Chapter 127 requires the commissioner to establish and maintain education, training and employment programs for inmates. It authorizes the commissioner to make and promulgate rules and regulations governing programs established under section 48 which "shall include provisions for hours, conditions of employment, wage rates ... and deductions from said wages pursuant to the provisions of section eighty-six F." Section 86F, quoted above, lists six specific deductions which sheriffs are authorized to make from inmate earnings.

In 1996, the Legislature enacted G.L. 127, section 16A which expressly grants the Commissioner authority to include in regulations promulgated pursuant to section 48 (relating to authorized deductions from earnings) provision for reimbursement of certain medical expenses:

> The commissioner may include in the rules and regulations promulgated pursuant to the provisions of section forty-eight provisions for the reimbursement of medical expenses by persons incarcerated in department of correction pre-release facilities. (emphasis added)

### DISCUSSION

Regulations, like statutes, are entitled to a presumption of validity. Grocery Mfrs. of America, Inc. v. Department of Pub.

---

[15] Sections 29 (d)(3) and (4) of G.L. c. 261 also authorize the superintendent to withdraw funds from inmate accounts for the payment of court fees, but only upon written request by the inmate.

12

which they appear. Smith, supra, 431 Mass. at 649.

Section 1(q) contains a general grant of authority to the
Commissioner which authorizes him to

> make and promulgate necessary rules and regulations
> incident to the exercise of his powers and the
> performance of his duties including but not limited to
> rules and regulations regarding nutrition, sanitation,
> safety, discipline, recreation, religious services,
> communication and visiting privileges, classification,
> education, training, employment, care, and custody for
> all persons committed to correctional facilities.

For the following reasons, I find that the general grant of
authority does not encompass authority for the Commissioner to
promulgate regulations authorizing him to define indigence for
purposes of assessing DNA costs or to deduct DNA assessment fees
from inmate earnings or accounts:

First, Chapter 22E confers no such authority. Compare G.L. c.
258B, § 8.[17] Chapter 22E authorizes the director of the crime lab
within the Department of the State Police to promulgate
regulations. Although the Legislature expressly recognized that
many persons required to provide samples would be incarcerated at
the time the sample was taken and correctional officers would play
a role in the collection of DNA from inmates, see § 4(a), the Act
does not authorize the Commissioner to promulgate regulations
concerning DNA collection or costs, to define indigence for

---

[17] Chapter 258B, § 8, as amended in 1994, provides in pertinent
part: "If the person convicted is sentenced to a correctional
facility in the commonwealth, the superintendent or sheriff of the
facility shall deduct any part or all of the monies earned or
received by any inmate and held by the correctional facility, to
satisfy the victim witness assessment, and shall transmit such
monies to the court monthly." The statute also gives the victim
witness assessment priority over other assessments.

14

and medical care received by the inmate as provided in G.L. c. 127, § 48A, i.e., from monies earned by an inmate.

Fourth, the Commissioner's power to promulgate regulations relating to deductions from inmate accounts is the subject of specific grants of authority. Section 48 confers the power to issue regulations regarding inmate training and employment programs and wages therefrom, but limits such regulations to "deductions pursuant to the provisions of section eighty-six F." In my view, section 48 confers no authority on the Commissioner to expand by regulation the deductions from earnings authorized by section 86F.[18] It provides no authority for the Commissioner to promulgate regulations authorizing deductions from funds received by inmates, i.e., moneys not earned by inmates.

G.L. c. 127, § 16A, enacted in 1996, expressly grants the Commissioner authority to include in regulations promulgated pursuant to section 48A (relating to authorized deductions from earnings) provision for reimbursement of certain medical expenses. If the general grant of authority in section 1 (q) of chapter 124 encompassed authority to expand on statutorily authorized deductions by regulation, this express grant of authority would be

---

[18] One might argue, with respect to deductions from earnings, that the Legislature simply intended to mandate that the deductions listed in section 86F be included in the regulations promulgated pursuant to section 48 and did not intend to limit the Commissioner's authority to expand the list of permissible deductions. Had the Legislature so intended, however, it would likely have described the deductions as "including" those listed in section 86F. Moreover, that interpretation is inconsistent with sections 3, 48A and 86F which provide that, after specified deductions are taken, the balance shall be the property of and returned to the inmate on discharge.

16

White;[21] and (3) enforcement of the regulation has led to the filing of hundreds of civil cases and motions in criminal cases challenging the impoundment of accounts and seizure of funds to pay the DNA costs imposing a substantial burden on the Superior Court. See Smith, supra, 431 Mass. at 651-52 (propriety of granting injunctive relief against agency).

## CONCLUSION

In view of the absence of any provision in the DNA Database Act granting such authority and the existence of a comprehensive statutory scheme, which encompasses an itemization of permissible deductions from inmate earnings and accounts and express limitations on the Commissioner's authority to regulate in this area, authority to promulgate 103 C.M.R. § 405.18 and the DNA

---

toothpaste, stamps, writing materials, clothes and other necessities. Perry submitted requests for indigent supplies, but received no response.

[21] White was convicted on April 11, 2000. His DNA was taken on May 3, 2000. On that date he had $100.30 in his account at the House of Corrections which was subsequently transferred to his prison account. Apart from a Walkman purchased on September 27, 2000, which cost about $28, White used these funds to buy basic necessities after he was transferred. He has no other resources. On September 28, 2000, White's personal account was frozen. Between August, when he arrived at SBCC, and January 11, 2001, White was on a waiting list for a job. Since January 11, 2001, he has worked in the prison library. He works six days per week and is paid $5.00, of which $2.50 is deposited in his savings account. On September 15, 2000, White's sister, a single mother with four children, sent him a gift of $60. On October 3, 2000, an uncle sent White $30. White's account remained frozen until his father, who is on a fixed income, sent him money to pay the DNA assessment fee. On February 8, 2001, DOC deducted $110 from White's account and White was able to access the remaining funds to purchase necessities from the canteen. While his account was frozen, White submitted several requests for clothes and personal hygiene supplies. He received no response.

18

injunction shall take effect on April 6, 2001.

D. The Department of Correction is ordered to reimburse each of the intervenors $110.[24]

Diane M. Kottmyer
Justice of the Superior Court

Dated: March 25, 2001

---

proceedings to determine indigence by clarifying the indigence definition as applied to inmates and establishing a procedure for administrative review of the indigence determination before suit challenging a DNA assessment is authorized. Requests for administrative review by plaintiff in this case were denied because "it's a legal matter."

[24] The Department reimbursed plaintiff Welsh after this suit was brought.

20

Entered 9 April 2001

County of Middlesex
The Superior Court

Edward J. Sullivan,
Clerk of the Courts

Approved as to Form:

By: Philip Masa

Assistant Clerk

Justice of the Superior Court

Copies mailed 04/05/2001

cvdjudgen_1.wpd 1964744 motion massap

Entered 9 April 2001